1   Robert T. Haslam (Bar No. 71134)
    rhaslam@cov.com
2   Hyun S. Byun (Bar No. 281753)
    hbyun@cov.com
3   Michael R. Morey (Bar No. 313003)
    mmorey@cov.com
4   COVINGTON & BURLING LLP
    3000 El Camino Real, 10th Floor
5   5 Palo Alto Square
    Palo Alto, California 94306-2112
6   Telephone: (650) 632-4700
    Facsimile: (650) 632-4800
7

8   Richard L. Rainey (*pro hac vice* forthcoming)
    rrainey@cov.com
9   COVINGTON & BURLING LLP
    One CityCenter
10  850 Tenth Street, NW
    Washington, DC 20001-4956
11  Telephone: (202) 662-6000
    Facsimile: (202) 662-6291
12

13  *Counsel for Samsung Electronics America, Inc.*
    *(additional counsel listed on signature page)*
14

15                  UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA

17

18  LARRY GOLDEN                         Civil Case No.: 3:23-cv-00048-WHO

19                  Plaintiff,           Judge William H. Orrick

20          v.

21  SAMSUNG ELECTRONICS AMERICA, INC.    **NOTICE OF MOTION AND**
                                         **MEMORANDUM OF POINTS AND**
22                  Defendant            **AUTHORITIES IN SUPPORT OF**
                                         **MOTION TO DISMISS**
23

24                                       **Date:**  March 29, 2023
                                         **Time:** 2:00 p.m.
25                                       **Ctrm:** Courtroom 2, 17th Floor

26

27

28

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................. 1

STATEMENT OF RELIEF REQUESTED .................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.      Introduction ...................................................................................................... 1

II.     Statement of Facts ........................................................................................... 2

        A.      Golden's Asserted Patents .................................................................... 2

        B.      Golden's Multiple Prior Failed Litigations ......................................... 3

                1.      Golden Loses at the Court of Federal Claims .......................... 3

                2.      Golden Loses in the District of South Carolina ...................... 5

                3.      Golden Loses in the Northern District of California ............... 6

        C.      Golden's Woefully Deficient Infringement Allegations...................... 7

III.    Legal Standard ................................................................................................. 10

IV.     Argument .......................................................................................................... 10

        A.      Golden Is Precluded from Re-litigating His Claims of Infringement of the
                Asserted Patents Against Samsung....................................................... 11

        B.      Golden Fails to State Claims of Direct and Indirect Infringement by Samsung .. 12

                1.      Golden Fails to State a Claim of Direct Infringement by Samsung ......... 12

                2.      Golden Fails to State a Claim of Indirect Infringement by Samsung....... 13

                3.      The Court Should Dismiss the Complaint With Prejudice ...................... 14

V.      Conclusion ....................................................................................................... 16

1

2

## **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

*Adaptix, Inc. v. Amazon.com, Inc.*,
   No. 5:14-cv-01379-PSG, 2016 WL 948960 (N.D. Cal. Mar. 14, 2016)...............................................12

6

7

*Arsus, LLC v. Tesla Motors, Inc.*,
   No. 20-cv-00313-RS, 2020 WL 5552868 (N.D. Cal. Aug. 14, 2020)..................................................10

8

*Arunachalam v. Apple, Inc.*,
   No. 18-1250, 2018 WL 5023378 (N.D. Cal. Oct. 16, 2018) ...............................................................10

9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................................10, 13

10

11

*Bates v. City of San Jose*,
   No. 20-cv-07609-BLF, 2021 WL 3727073 (N.D. Cal. Aug. 23, 2021) .......................................14, 15

12

13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).....................................................................................................................10, 13

14

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ...............................................................................................................16

15

16

*Brain Life, LLC v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)...........................................................................................................11

17

18

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*,
   287 F.3d 1108 (Fed. Cir. 2002)...........................................................................................................13

19

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)...........................................................................................................14

20

21

*Gavin v. City & Cnty. of San Francisco*,
   No. 15-cv-05202-EMC, 2015 WL 7272678 (N.D. Cal. Nov. 18, 2015) .......................................14, 15

22

23

*Ghazali v. Moran*,
   46 F.3d 52(9th Cir. 1995)  ..................................................................................................................10

24

*Golden v. Apple Inc.*,
   No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) .........................................................6, 15

25

26

*Golden v. Apple Inc.*,
   No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022).......................................................................6

27

28

*Golden v. Apple Inc.*,
    819 F. App'x 930 (Fed. Cir. 2020) ........................................................................5

*Golden v. Apple Inc.*,
    No. 6:19-cv-02557, 2020 WL 415896 (D.S.C. Jan. 27, 2020) .............................5

*Golden v. Apple Inc.*,
    No. 6:20-cv-02270, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) .........................6

*Golden v. Apple Inc.*,
    No. 6:20-cv-04353, 2021 WL 5074739 (D.S.C. Nov. 2, 2021)............................6

*Golden v. Google, LLC*,
    No. 6:21-cv-00244, 2021 WL 5083804 (D.S.C. Nov. 2, 2021)............................6

*Golden v. Google, LLC*,
    No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021) ...................................6

*Golden v. Intel Corp.*,
    No. 5:22-cv-03828, 2022 WL 17735388 (N.D. Cal. Nov. 22, 2022)...............7, 15

*Golden v. U.S.*,
    156 Fed. Cl. 623 (2021) ................................................................................4, 12

*Golden v. U.S.*,
    955 F.3d 981 (Fed. Cir. 2020)..............................................................................5

*Golden v. U.S.*,
    No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) ...........................2, 5

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
    49 F.3d 1551 (Fed. Cir. 1995)............................................................................13

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ...........................................................................10

*In re PersonalWeb Techs. LLC*,
    961 F.3d 1365 (Fed. Cir. 2020)..........................................................................11

*Linear Tech Corp. v. Impala Linear Corp.*,
    379 F.3d 1311 (Fed Cir. 2004) ..........................................................................13

*Mosaic Brands, Inc. v. The Ridge Wallet LLC*,
    No. 2:20-cv-04556-AB-JCx, 2020 WL 5640233 (C.D. Cal. Sept. 3, 2020)........13

*Mylviya v. City of San Jose*,
    No. 5-5427, 2006 WL 2529511 (N.D. Cal. Aug. 31, 2006) ...............................10

*Nalco Company v. Chem-Mod, LLC*,
    883 F.3d 1337 (2018)..........................................................................................14

*Novitaz, Inc. v. inMarket Media, LLC,*
   No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ..............................13

*Nystrom v. Trex Co.,*
   580 F.3d 1281 (Fed. Cir. 2009) ...................................................................................12

*Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.,*
   No. 12-4070, 2013 WL 3462078 (N.D. Cal. Jul. 8, 2013) ...................................13

*SpeedTrack, Inc. v. Amazon.com, Inc.,*
   No. 09-cv-04479-JSW, 2017 WL 5598679 (N.D. Cal. Nov. 21, 2017) ................11

*SpeedTrack, Inc. v. Off. Depot, Inc.,*
   791 F.3d 1317 (Fed. Cir. 2015) ...................................................................................11

*Taylor v. Sturgell,*
   553 U.S. 880 (2008) .....................................................................................................12

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
   247 F.3d 1316 (Fed. Cir. 2001)...............................................................................2, 13

*Typhoon Touch Techs., Inc. v. Dell, Inc.,*
   659 F.3d 1376 (Fed. Cir. 2011).................................................................................13

*UMG Recordings, Inc. v. Shelter Capital Partners LLC,*
   718 F.3d 1006 (9th Cir. 2013)) ................................................................................10

*XpertUniverse, Inc. v. Cisco Sys., Inc.,*
   No. 17-cv-03848-RS, 2019 WL 3413309 (N.D. Cal. July 29, 2019) ...................11

*Zeiny v. United States,*
   No. 19-5806, 2020 WL 496076 (N.D. Cal. Jan. 30, 2020)..................................10

**Rules**

Fed. R. Civ. P. 8(a) ....................................................................................................10

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 10

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on March 29, 2023 at 2:00 p.m., or as soon thereafter as the motion may be heard, in the courtroom of the Honorable William H. Orrick, located at the San Francisco Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Samsung Electronics America, Inc. ("Samsung") will and hereby does move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice, and enter judgment in favor of Samsung and against Plaintiff Larry Golden ("Golden"), on the grounds that Golden's claims are precluded and Golden's Complaint for Patent Infringement (Dkt. 1) ("Complaint") fails to state a claim upon which relief can be granted. The motion is based upon this Notice, the Memorandum of Points and Authorities submitted herewith, the pleadings, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented.

## STATEMENT OF RELIEF REQUESTED

Samsung requests that this Court dismiss Golden's Complaint pursuant to Rule 12(b)(6), with prejudice, and enter judgment in favor of Samsung and against Golden.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

This lawsuit is Golden's eleventh case involving the same patents, against multiple defendants, in multiple forums. Samsung's products have already been accused in four of the eleven cases. All four cases have been dismissed, and all four dismissals have been affirmed by the appellate courts. Having failed in other jurisdictions, Golden now turns to the Northern District of California. But Judge Chhabria and Judge Cousins have already considered and dismissed similar complaints against other defendants. This Court should do the same.

*First*, Golden's allegations here are barred by preclusion and application of the *Kessler* Doctrine. One of those prior cases by Golden was against Samsung's customer, the United States. In that case, Golden asserted the same patents at issue here against Samsung products also accused here. The Court of Federal Claims allowed Golden to amend the complaint no less than *six* times before concluding that Golden "has had eight years to come up with a plausible theory of infringement," and failed. Golden

1  repeatedly failed to describe how the accused products, including Samsung products, included key

2  elements of his claims. Among those key elements were sensor/detector and locking limitations. The court

3  also found that the remaining limitations were "almost entirely deficient as well." The Court of Federal

4  Claims thus dismissed Golden's case "with prejudice" pursuant to Rule 41(b) of the Rules of the Court of

5  Federal Claims. The Federal Circuit affirmed. *Golden v. U.S.*, No. 2022-1196, 2022 WL 4103287, at *1–

6  2 (Fed. Cir. Sept. 8, 2022). Under well settled law, this "with prejudice" dismissal operates as a judgment

7  on the merits of Golden's infringement claims and affords Samsung a trade right which bars Golden's

8  case here. This is precisely the result reached by Judge Chhabria just a few months ago in Golden's case

9  against Apple. This Court should follow suit and enter judgment for Samsung.

10  **Second**, Golden's allegations here are yet again fatally deficient. For this additional reason, the

11  Court should dismiss his case, and such dismissal should be with prejudice. As for direct infringement,

12  Golden's allegations (just as in the Court of Federal Claims) fail to describe how Samsung's accused

13  products, without modification, satisfy key claim limitations. For example, he alleges that modifying

14  Samsung's products by adding a third-party software product meets several limitations of the asserted

15  patents, including the sensor/detector limitations. As courts have repeatedly found, however, alleging "that

16  a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to

17  support a finding of infringement." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330

18  (Fed. Cir. 2001) (citation omitted). For indirect infringement, Golden pleads **zero** factual allegations

19  concerning the requirements of induced and contributory infringement claims.

20  The time has come for Golden's vexatious litigation campaign against Samsung to come to an end.

21  He has already accused Samsung's products in four cases, and failed. And yet here again his complaint is

22  wholly deficient and precluded. Under these circumstances, this Court should dismiss this case and do so

23  with prejudice.

24  **II.    Statement of Facts**

25  **A.    Golden's Asserted Patents**

26  Golden asserts the following patents against Samsung in this case: United States Patent Nos.

27  9,096,189 (the "'189 patent"), 9,589,439 (the "'439 patent"), and 10,163,287 (the "'287 patent")

28  (collectively, the "Asserted Patents" or the "Patents-in-Suit"). Compl. at ¶ 3. The Asserted Patents share

the same specification and are each titled "Multi Sensor Detection, Stall to Stop and Lock Disabling System." According to their shared specification, the Asserted Patents address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." '189 patent at 1:40-45, 3:16-22; '439 patent at 1:47-52, 3:25-30; '287 patent at 1:57-63, 3:35-41. The Asserted Patents disclose a "multi sensor detection and disabling lock system" that includes "detectors that sample for chemical, biological and radiological compounds, agents and elements" and can be connected to "surveillance towers scanning detector cases disposed at seaport docks, freight depots and rail terminals for monitoring containers being prepared for shipment or sitting on docks for long periods of time." '189 patent at Abstract; '439 patent at Abstract; '287 patent at Abstract.

### B.    Golden's Multiple Prior Failed Litigations

For the last 10 years, Golden has pursued an unsuccessful litigation campaign involving the Patents-in-Suit and related patents against multiple parties, including Samsung and Apple, in three different forums.

### 1.    Golden Loses at the Court of Federal Claims

Golden began his litigation campaign in May 2013 by filing a complaint pursuant to 28 U.S.C. § 1498(a) in the U.S. Court of Federal Claims, alleging that the federal government infringed U.S. Reissue Patent No. RE43,990 and seeking $90 billion in damages. Complaint, *Golden v. U.S.*, No. 1:13-cv-00307 (Fed. Cl. May 1, 2013), Dkt. 1 ("*Golden I*") (Exhibit 1 to Declaration of Michael R. Morey in Support of Samsung's Request for Judicial Notice in Support of Motion to Dismiss ("Morey Decl.")). Over the course of eight years, the case did not proceed past the pleading stage. Instead, Golden filed a total of six amended complaints, after receiving opportunity after opportunity to fix his deficient allegations of infringement. Golden's Sixth Amended Complaint (hereafter, the "CFC Complaint") against the government accused, *inter alia*, products of several of the government's purported contractors, including Samsung and Apple, of infringing claims 1–9 of the '189 patent, claims 13–23 of the '439 patent, and claims 4–6 of the '287 patent. CFC Complaint at 8, *Golden I*, Dkt. 195 (Morey Decl. Ex. 2); Corrected Infringement Contentions against Samsung at A0672, *Golden I*, Dkt. 240-1 (Morey Decl. Ex. 3). The accused Samsung products

included Samsung's "Galaxy S8, Galaxy Note 8, Galaxy S9, S10, S20, & S21," as well as "Samsung['s] Gear S3 Classic, Galaxy Watch Active 2 & Galaxy Watch 3." Corrected Infringement Contentions against Samsung at A0672, *Golden I*, Dkt. 240-1 (Morey Decl. Ex. 3).

The Court of Federal Claims dismissed Golden's CFC Complaint with prejudice on November 10, 2021 pursuant to Rule 41(b) of the Rules of the Court of Federal Claims. *Golden v. U.S.*, 156 Fed. Cl. 623, 632 (2021). In dismissing the CFC Complaint with prejudice, the court explained that:

> [Golden] has had eight years to come up with a plausible theory of infringement against the United States and the third parties whose products he alleges were made at the behest of the government. Mr. Golden has amended his complaint six times in response to the government's objections to the shortcomings in his pleadings. As we warned earlier, failure to produce a sufficiently detailed claim chart would cause the court to assume that it cannot be done. That has happened. Enough time and resources have been expended by the court and the Department of Justice dealing with these allegations.

*Id.* More particularly, the court determined that Golden's infringement contentions for his CFC Complaint "illustrate the painfully obvious problem with plaintiff's case: he has not, and at this point in the litigation we must presume cannot, credibly allege what component of the accused Apple, or Samsung . . . , devices infringe literally, or is even equivalent to, hazard detectors or sensors claimed in his patents." *Id.* at 629; *see also id.* at 630 ("Plaintiff's preliminary infringement contentions fail to identify a sensor or detector in the accused products as claimed by his patents."). The court further held that Golden's infringement contentions "fail[ed] to identify in the accused devices any locking mechanism or function as claimed by the" asserted patents. *Id*; *see also id.* at 631. Specifically, the court explained that "[t]he limitations claimed in the ['189 and '439] patents for a locking function claim a capability to lock the device itself or some of its subsystems, such as the sensors, not a device external to the CMDC [Communication, Monitoring, Detecting, and Controlling Device]," and that Golden's "corrected contentions fail to identify where in the accused devices a locking mechanism is present.' *Id.* at 631. Further, the court reasoned that Golden's "['287] patent clearly claims an independent component part of the CMDC that is a locking mechanism. Such a component is wholly missing from the claim chart." *Id.* The court also found that "[t]he remaining limitations of the claim chart are almost entirely deficient as well." *Id.*

On September 8, 2022, the Federal Circuit affirmed the dismissal of Golden's CFC Complaint with prejudice. *Golden v. U.S.*, No. 2022-1196, 2022 WL 4103287, at *1–2. In affirming the dismissal, the Federal Circuit held that "[d]espite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents: the sensor and locking limitations." *Id.* at *2. The Federal Circuit also noted that the "Claims Court expressly identified deficiencies regarding both the sensor and locking limitations in Mr. Golden's contentions for . . . claim 23 of the '439 patent, and claim 5 of the '287 patent," as well as "the locking limitation for claim 2 of the '189 patent." *Id.* at *2 n.2.

While Golden's first suit in the Court of Federal Claims was pending, Golden filed a second suit, alleging a "Fifth Amendment Taking" claim against the government of property including the Patents-in-Suit. Complaint, *Golden v. U.S.*, No. 1:19-cv-00104 (Fed. Cl. Jan. 17, 2019), Dkt. 1 (Morey Decl. Ex. 4). The court dismissed that suit as well, *id.*, Dkt. 12 (Morey Decl. Ex. 5), and the Federal Circuit affirmed, *Golden v. U.S.*, 955 F.3d 981, 990 (Fed. Cir. 2020).

### 2. Golden Loses in the District of South Carolina

In parallel with the cases in the Court of Federal Claims, Golden filed a case in the U.S. District Court for the District of South Carolina, alleging that sixteen defendants including Samsung[1] and Apple infringed the Patents-in-Suit. Amended Complaint, *Golden v. Apple Inc.*, 6:19-cv-02557 (D.S.C. Oct. 15, 2019), Dkt. 16 (Morey Decl. Ex. 6). The court dismissed the complaint without prejudice and without issuance of service of process *sua sponte*. *Golden v. Apple Inc.*, No. 6:19-cv-02557, 2020 WL 415896, at *3 (D.S.C. Jan. 27, 2020), *aff'd*, 819 F. App'x 930 (Fed. Cir. 2020). The Federal Circuit affirmed, noting that the complaint did not have "any nonfrivolous allegations of infringement." *Golden v. Apple Inc.*, 819 F. App'x at 931.

Golden then filed an antitrust case against seven defendants, including Samsung and Apple. Complaint, *Golden v. Apple Inc.*, 6:20-cv-02270 (D.S.C. June 16, 2020), Dkt. 1 (Morey Decl. Ex. 7). The court dismissed the complaint without prejudice and without the issuance of service of process, adopting

---

[1] Based on the allegations set forth in the South Carolina complaints and solely for purposes of this motion, Samsung assumes Golden erroneously named Samsung Electronics, USA, a non-existent entity, when he intended to name Samsung Electronics America, Inc.

the Magistrate Judge's report because "*inter alia* Plaintiff's antitrust claims [were] premised on unsuccessful patent infringements claims that have been adjudicated." *Golden v. Apple Inc.*, No. 6:20-cv-02270, 2021 WL 4260782, at *2 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022). The Fourth Circuit affirmed. *Golden v. Apple Inc.*, 2022 WL 986984, at *1.

Golden filed yet another case, alleging again that sixteen defendants, including Samsung and Apple, infringed the Patents-in-Suit. Complaint, *Golden v. Apple Inc.*, 6:20-cv-04353, (D.S.C. Jan. 5, 2021), Dkt. 10 (Morey Decl. Ex. 8). The court dismissed the complaint without prejudice and without issuance of service of process because the complaint was frivolous. *Golden v. Apple Inc.*, No. 6:20-cv-04353, 2021 WL 5074739, at *3 (D.S.C. Nov. 2, 2021), *aff'd*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022). The Federal Circuit affirmed, noting that "the docketed complaint is nothing more than a list of patent claims and accused products." *Golden v. Apple Inc.*, 2022 WL 4103285, at *2.

Golden also filed a separate case against Google, asserting the Patents-in-Suit. Complaint, *Golden v. Google LLC*, 6:21-cv-00244 (D.S.C. Jan. 26, 2021), Dkt. 1 (Morey Decl. Ex. 9). The court dismissed the complaint with prejudice and without issuance of service of process because the complaint was frivolous. *Golden v. Google, LLC*, No. 6:21-cv-00244, 2021 WL 5083804, at *3 (D.S.C. Nov. 2, 2021), *appeal dismissed*, No. 21-2318, 2021 WL 8566191 (4th Cir. Dec. 7, 2021), *and vacated and remanded sub nom. Golden v. Apple Inc.*, 2022 WL 4103285. This time, the Federal Circuit vacated and remanded, noting that the complaint included a claim chart. *Golden v. Apple Inc.*, 2022 WL 4103285, at *2. The Federal Circuit also noted, however, that "[its] decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim or for summary judgment." *Id.*

### 3.   Golden Loses in the Northern District of California

After failing to get traction in the District of South Carolina, Golden filed additional suits in this District. Golden asserted the Patents-in-Suit against Apple. Complaint, *Golden v. Apple Inc.*, No. 3:22-cv-04152 (N.D. Cal. July 15, 2022), Dkt. 1 (Morey Decl. Ex. 10). Judge Chhabria dismissed the complaint without leave to amend. *Id.*, Dkt. 29 (Morey Decl. Ex. 11). Judge Chhabria noted that "[t]he claims asserted in the complaint are frivolous" and that "[e]ven if they were not frivolous, Golden's patent infringement claims against Apple are barred by issue preclusion because they have been fully litigated and decided" in Golden's original suit against the United States in the Court of Federal Claims. *Id.* Judge

Chhabria also noted that "Golden has been pressing these frivolous claims (or some variation thereof) for nearly 10 years in multiple jurisdictions" and that "[t]his is the rare case where dismissal without leave to amend is appropriate at the outset." *Id.* The decision is pending appeal. *Id.*, Dkt. 31 (Morey Decl. Ex. 12).

Golden also asserted the Patents-in-Suit against Intel. Complaint, *Golden v. Intel Corp.*, 5:22-cv-03828 (N.D. Cal. June 28, 2022), Dkt. 1 (Morey Decl. Ex. 13). Judge Cousins dismissed the complaint without leave to amend because it would be futile. *Golden v. Intel Corp.*, No. 5:22-cv-03828, 2022 WL 17735388, at *4 (N.D. Cal. Nov. 22, 2022). The decision is pending appeal. *Golden v. Intel Corp.*, 5:22-cv-03828, Dkt. 33 (Morey Decl. Ex. 14).

Golden then asserted the Patents-in-Suit against Google and Qualcomm. Complaint, *Golden v. Google LLC*, No. 4:22-cv-05246 (N.D. Cal. Sept. 14, 2022), Dkt. 1 (Morey Decl. Ex. 15); Complaint, *Golden v. Qualcomm Inc.*, No. 4:22-cv-03283 (N.D. Cal. June 6, 2022), Dkt. 1 (Morey Decl. Ex. 17). Google and Qualcomm have each moved to dismiss. *Golden v. Google LLC*, No. 4:22-cv-05246, Dkt. 11 (Morey Decl. Ex. 16); *Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283, Dkt. 6 (Morey Decl. Ex. 18). Their motions are still pending.

### C.   Golden's Woefully Deficient Infringement Allegations

Golden filed his Complaint against Samsung on January 5, 2023. Compl. at 1. Just like his dismissed-with-prejudice CFC Complaint, Golden's Complaint here again accuses certain Samsung Galaxy devices of infringing claims 1–3 of the '189 patent, claims 13–15 and 23 of the '439 patent, and claims 4–6 of the '287 patent. *See id.* at ¶¶ 31, 35, and 39. Indeed, as with the CFC Complaint, Golden's Complaint accuses Samsung's Galaxy S8, S20, S21, and Note 8 products of infringing the Asserted Patents. *See* Compl. at ¶¶ 9, 31, 35, and 39; *Golden I*, Dkt. 240-1, at A0672 (Morey Decl. Ex. 3). Golden also adds Samsung's Galaxy S7, S7 Edge, S8+, S20+, S20 Ultra, S21 5G, S21+ 5G, S22, S22+, S22 Ultra, and Note 20 to his list of accused products in this case.[2] Compl. at ¶¶ 9, 31, 35, and 39.

As both the Court of Federal Claims and the Federal Circuit found was fatal to Golden's CFC Complaint, Golden's Complaint here fails to contend that the accused Samsung Galaxy devices meet all

---

[2] Golden does not identify any differences among the accused Samsung Galaxy devices regarding their purported infringement of the Asserted Patents.

1    limitations of the Asserted Patents. Instead, Golden alleges that the accused devices ***could*** infringe the

2    Asserted Patents if a user adds another application, called the Android Team Awareness Kit ("ATAK"),

3    to them. In particular, Golden's Complaint concedes that the U.S. military—not Samsung—created the

4    ATAK application, which is allegedly available to civilians:

5
> Initially created in 2010 by the Air Force Research Laboratory: Through

6    > collaboration and innovation, the Defense Threat Reduction Agency has
> integrated its powerful, hazard-awareness-and-response tools into the

7    > *Android Tactical Assault Kit (or the Android Team Awareness Kit, ATAK).*
> ATAK is a digital application available to warfighters throughout the DoD.

8    > Built on the Android operating system, ATAK offers warfighters geospatial
> mapping for situational awareness during combat - on an end-user device

9    > such as a smartphone or a tablet. With DTRA's contribution, ATAK now
> includes chemical, biological, radiological, and nuclear (CBRN) plug-ins.

10   > As of 2020, ATAK has a growing base of 250,000 military and civilian
> users across numerous public safety agencies and US partner nations, and

11   > has seen the addition of 15 United States Department of Defense programs.

12   Compl. at ¶ 55 (emphasis in original). Golden thus does not allege that Samsung makes or sells ATAK,

13   or makes or sells any devices with ATAK installed. Instead, Golden admits that ATAK (1) was created

14   by the Air Force Research Laboratory and the "Defense Threat Reduction Agency," an agency of the U.S.

15   Government; (2) is available to "military and civilian users"; and (3) is "[b]uilt on the Android operating

16   system"—as all Android applications are, whether or not made by Samsung. *Id.*

17           Similar to Golden's deficient infringement contentions in support of his CFC Complaint, the claim

18   chart in Golden's Complaint points to a non-Samsung feature (here, the ATAK application) as the sole

19   functionality allegedly satisfying several limitations of the Patents-in-Suit. For example, the Complaint's

20   claim chart identifies the ATAK application for the following limitations of the Asserted Patents:

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MEMORANDUM OF P&A ISO MOTION TO DISMISS          Civil Case No. 3:23-CV-00048-WHO

| Google Pixel 5 Smartphone | Samsung Galaxy S21 Smartphone | Claim 5 of the '287 Patent | Claim 23 of the '439 Patent | Claim 1 of the '189 Patent |
|---|---|---|---|---|
| *Android Team Awareness Kit*, ATAK (built on the Android operating system) provides a single interface for viewing and controlling different CBRN-sensing technologies, whether that is a wearable smartwatch that measures a warfighter's vitals (e.g., heart rate) or a device mounted on a drone to detect chemical warfare agents. | *Android Team Awareness Kit*, ATAK (built on the Android operating system) provides a single interface for viewing and controlling different CBRN-sensing technologies, whether that is a wearable smartwatch that measures a warfighter's vitals (e.g., heart rate) or a device mounted on a drone to detect chemical warfare agents. | at least one sensor for chemical, biological, or human detection in communication with the at least one CPU; | the cell phone is at least a fixed, portable or mobile communication device interconnected to the cell phone detection device, capable of wired or wireless communication therebetween; and | the communication device is at least a fixed, portable or mobile communication device interconnected to a fixed, portable or mobile product, capable of wired or wireless communication therebetween... |
| *Android Team Awareness Kit*, ATAK (built on the Android operating system) is a digital application available to warfighters throughout the DoD. ATAK offers warfighters geospatial mapping for situational awareness during combat — on an end-user device such as a smartphone or a tablet. With DTRA's contribution, ATAK now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins. | *Android Team Awareness Kit*, ATAK (built on the Android operating system) is a digital application available to warfighters throughout the DoD. ATAK offers warfighters geospatial mapping for situational awareness during combat — on an end-user device such as a smartphone or a tablet. With DTRA's contribution, ATAK now includes chemical, biological, radiological, and nuclear (CBRN) plug-ins. | one or more detectors in communication with the at least one CPU for detecting at least one of chemical, biological, radiological, or explosive agents; | at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, or a radiological sensor capable of being disposed within, on, upon or adjacent the cell phone; | wherein the communication device receives a signal via any of one or more products listed in any of the plurality of product grouping categories; |

NOTICE OF MOTION AND MEMORANDUM OF P&A ISO MOTION TO DISMISS          Civil Case No. 3:23-CV-00048-WHO

Compl. at 23; *see also id.* at 25 ('189 and '439 patents), 26 ('439 patent). Each time the claim chart references ATAK, it repeats that ATAK is "built on the Android operating system," and thus not provided with any Samsung Galaxy device. *See id.* Golden's Complaint itself alleges that infringement requires the addition of the ATAK application to Samsung's accused Galaxy devices, and concedes that Samsung neither makes or sells ATAK nor any Galaxy devices equipped with ATAK.

## III.   Legal Standard

Under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "draw on its judicial experience and common sense." *Id.* at 679. In considering Rule 12(b)(6) motions, Courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "[D]ismissal under Rule 12(b)(6) may be based on either the 'lack of a cognizable legal theory' or on 'the absence of sufficient facts alleged' under a cognizable legal theory." *Arsus, LLC v. Tesla Motors, Inc.*, No. 20-cv-00313-RS, 2020 WL 5552868, at *1 (N.D. Cal. Aug. 14, 2020) (quoting *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013)).

"[P]ro se litigants are bound by the rules of procedure," which "require a short and plain statement of the claim showing that the pleader is entitled to relief." *Zeiny v. United States*, No. 19-5806, 2020 WL 496076, at *2 (N.D. Cal. Jan. 30, 2020) (quoting *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) and Fed. R. Civ. P. 8(a)). "Although complaints filed by a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers, [Golden] is not excused from alleging sufficient facts on which a recognized legal claim could be based." *Arunachalam v. Apple, Inc.*, No. 18-1250, 2018 WL 5023378, at *2 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 977 (Fed. Cir. 2020) (citing *Mylviya v. City of San Jose*, No. 5-5427, 2006 WL 2529511, at *2 (N.D. Cal. Aug. 31, 2006)).

## IV.   Argument

As a threshold issue, the Court should dismiss the Complaint because the Court of Federal Claim's dismissal with prejudice of Golden's CFC Complaint precludes Golden from re-litigating infringement of

the Asserted Patents in this Court. Moreover, the Court should dismiss Golden's Complaint for failure to state a claim of direct and indirect infringement, with prejudice.

### A. Golden Is Precluded from Re-litigating His Claims of Infringement of the Asserted Patents Against Samsung

In this action, Golden accuses the same Samsung Galaxy products of infringing the Asserted Patents as he did in his CFC Complaint, which the Court of Federal Claims dismissed with prejudice in 2021 after eight years of litigation that did not proceed past the pleading stage. Golden also accuses some additional Samsung Galaxy models of infringement without differentiating them from the previously accused Galaxy devices. The Court of Federal Claim's dismissal of Golden's CFC Complaint with prejudice precludes Golden from re-litigating his current infringement claims against Samsung in this Court under the *Kessler* doctrine, as well as the doctrine of issue preclusion.

The *Kessler* doctrine "allow[s] an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014) (emphasis in original). Indeed, the *Kessler* doctrine grants a "'limited trade right' that attaches to the product itself" and "extends to protect any products as to which the manufacturer established a right not to be sued for infringement." *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1378–79 (Fed. Cir. 2020) (quoting *SpeedTrack, Inc. v. Off. Depot, Inc.*, 791 F.3d 1317, 1323 (Fed. Cir. 2015)). "Similarly, new products that are 'essentially the same' as the product in the prior suit acquires the status of a non-infringing device." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS, 2019 WL 3413309, at *5 (N.D. Cal. July 29, 2019) (citing *Brain Life*, 746 F.3d at 1057).

Once the Court of Federal Claims dismissed with prejudice Golden's CFC Complaint accusing Samsung's Galaxy devices of infringing the Patents-in-Suit, Samsung received a trade right protecting those Galaxy devices from future suits by Golden alleging infringement of the Patents-in-Suit. This *Kessler* trade right also protects the additional Galaxy models accused by Golden because Golden does not differentiate these newly-added Galaxy models from the accused Galaxy devices in the Court of Federal Claims case at all, much less in regard to the Patents-in-Suit. *See, e.g.*, *SpeedTrack, Inc. v. Amazon.com, Inc.*, No. 09-cv-04479-JSW, 2017 WL 5598679, at *5 (N.D. Cal. Nov. 21, 2017) ("Colorable changes in an infringing device or changes unrelated to the limitations in the claim of the

patent would not present a new cause of action.") (quoting *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009)).

Golden is also precluded from litigating his infringement claims under the doctrine of issue preclusion, which "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Adaptix, Inc. v. Amazon.com, Inc.*, No. 5:14-cv-01379-PSG, 2016 WL 948960, at *2 (N.D. Cal. Mar. 14, 2016) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). As summarized above, in dismissing Golden's CFC Complaint with prejudice, the Court of Federal Claims held that his infringement contentions failed to identify anything in the accused Samsung Galaxy devices to meet the sensor/detector and locking limitations required by the Asserted Patents, despite having "eight years to come up with a plausible theory of infringement." *Golden v. U.S.*, 156 Fed. Cl. at 628–32. The Court of Federal Claim's dismissal with prejudice following briefing on the merits is therefore a final adjudication following actual litigation of Golden's infringement claims and precludes Golden's deficient Complaint here. *See, e.g.*, *Adaptix*, 2016 WL 948960, at *9. Indeed, on October 20, 2022, Judge Chhabria dismissed, without leave to amend, Golden's complaint against Apple attempting to re-litigate the Asserted Patents in this District on the basis of issue preclusion in view of the Court of Federal Claim's dismissal with prejudice of the CFC Complaint. Order Granting Motion to Dismiss, *Golden v. Apple Inc.*, No. 3:22-cv-04152 (N.D. Cal. October 20, 2022), Dkt. 29 (Morey Decl. Ex. 11). This Court should do the same.

**B.      Golden Fails to State Claims of Direct and Indirect Infringement by Samsung**

Golden fails to state claims of direct and indirect infringement. Given the unusual history of prior litigation, the Court should dismiss the Complaint with prejudice rather than allow amendment.

**1.      Golden Fails to State a Claim of Direct Infringement by Samsung**

Golden accuses certain Samsung Galaxy devices of directly infringing the Asserted Patents. At the same time, however, he concedes that a non-Samsung application, ATAK, created by the U.S. military and allegedly available to civilians, must be added to the accused Galaxy devices to make them allegedly infringing. Golden's allegations of direct infringement fail under *Twombly/Iqbal* and should be dismissed, as they confirm that Samsung's accused products, without modification, do not infringe the Patents-in-Suit.

In pleading a claim of direct patent infringement, "a complaint does not satisfy the standards of *Twombly* and *Iqbal* where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim." *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017); *see also Mosaic Brands, Inc. v. The Ridge Wallet LLC*, No. 2:20-cv-04556-AB-JCx, 2020 WL 5640233, at *3 (C.D. Cal. Sept. 3, 2020) (a plausible claim of direct infringement must, at a minimum, "provide factual content indicating that the accused product infringes each limitation of at least one claim of the patent in suit").

The Complaint alleges that the accused Samsung Galaxy devices ***could*** infringe the asserted claims ***only if*** another application, ATAK, which Golden admits that Samsung does not make or sell, is added. Accordingly, rather than alleging that Samsung makes or sells infringing products, Golden merely asserts that ***someone else could modify*** the accused Galaxy devices to be allegedly infringing by adding the ATAK application, which the Complaint concedes is created by the U.S. military. Doing so is fatal to Golden's claim of direct infringement, because, as Courts have repeatedly found, alleging "that a device is capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Telemac*, 247 F.3d at 1330 (citation omitted); *see also Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380 (Fed. Cir. 2011) (rejecting infringement claim where accused product is "merely capable of being modified in a manner that infringes the claims of a patent"); *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117–18 (Fed. Cir. 2002); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995) ("[A] device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent claim.").

### 2.       Golden Fails to State a Claim of Indirect Infringement by Samsung

The Complaint also asserts claims of induced and contributory infringement of the Patents-in-Suit against Samsung. As summarized above, however, Golden has failed to state a claim of direct infringement against Samsung, and therefore the Court should also dismiss his claims of indirect infringement. *See, e.g.*, *Redd Grp., LLC v. Glass Guru Franchise Sys., Inc.*, No. 12-4070, 2013 WL 3462078, at *4 (N.D. Cal. Jul. 8, 2013) ("There can be no inducement or contributory infringement without an underlying act

of direct infringement.") (quoting *Linear Tech Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed Cir. 2004)).

Further, even if Golden stated a claim for direct infringement, his Complaint fails to assert a single factual allegation concerning the other required elements of induced and contributory infringement. For example, to state a claim of induced infringement, the "complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (2018). Similarly, to state a claim of contributory infringement, the complaint must plausibly allege: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Here, Golden's Complaint has ***zero*** factual allegations concerning these requirements of plausible induced and contributory infringement claims, which alone warrants dismissal under *Twombly/Iqbal*.

### 3.    The Court Should Dismiss the Complaint With Prejudice

Although Samsung recognizes that this is an unusual request, especially against a *pro se* plaintiff, Samsung respectfully submits that under the circumstances of this case, the Court should dismiss Golden's Complaint with prejudice because (1) Golden's prior litigation history asserting the Patents-in-Suit demonstrates futility of amendment, and (2) Golden's theory of direct infringement, which requires the addition of the non-Samsung ATAK application to the accused Galaxy devices, confirms that amendment would be futile.

Courts have granted requests for dismissal against *pro se* plaintiffs who have repeatedly filed unsuccessful claims, as Golden has. *See, e.g.*, *Gavin v. City & Cnty. of San Francisco*, No. 15-cv-05202-EMC, 2015 WL 7272678, at *3 (N.D. Cal. Nov. 18, 2015); *Bates v. City of San Jose*, No. 20-cv-07609-BLF, 2021 WL 3727073, at *5–6, 9 (N.D. Cal. Aug. 23, 2021). In *Gavin*, the suit at issue was the tenth in a series of suits filed by a *pro se* plaintiff. *Gavin*, 2015 WL 7272678, at *1. Judge Chen dismissed the complaint with prejudice, holding that, "[w]hile *pro se* litigants are generally given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile." *Id.* "Given the legal deficiency in the vast majority of Plaintiff's claims, as well as Plaintiff's problematic history of litigation

in this district, the Court [found] that dismissal with prejudice [was] warranted." *Id.* Similarly, in *Bates*, Judge Freeman dismissed the complaint with prejudice, reasoning that leave to amend would be futile because another judge had "examined and rejected Plaintiff's arguments multiple times" and "the Ninth Circuit has repeatedly stated that Plaintiff's claims are 'insubstantial' and not worthy of further examination." *Bates*, 2021 WL 3727073, at *5.

Similar to the plaintiffs in *Gavin* and *Bates*, here Golden has unsuccessfully asserted the Patents-in-Suit and related patents against Samsung and other defendants in multiple forums for nearly a decade. These prior suits have resulted in dismissal after dismissal, despite Golden's many opportunities to file amended complaints. For example, the Court of Federal Claims finally dismissed with prejudice Golden's *sixth* amended complaint against the government—which asserted the Patents-in-Suit against many of the same accused Galaxy devices accused in Golden's Complaint—after finding that Golden's infringement allegations were incurably deficient. The Federal Circuit affirmed the dismissal with prejudice. After the Court of Federal Claims dismissed Golden's CFC Complaint with prejudice, the District of South Carolina dismissed Golden's four subsequent lawsuits involving the Patents-in-Suit, where, in three of the cases, Golden sued Samsung and Apple as defendants. The Federal Circuit and the Fourth Circuit affirmed the dismissals for all three cases against Samsung and Apple.[3]

Undeterred from the dismissals in the Court of Federal Claims and the District of South Carolina, Golden now asserts the Patents-in-Suit in this District against Samsung, as well as other parties Golden has sued in the past, like Apple. However, courts in this District have already started reaching the same conclusion that the courts in the District of South Carolina did. For example Judge Chhabria dismissed, without leave to amend, Golden's similar claims against Apple for alleged infringement of the Asserted Patents, noting that "[t]his is the rare case where dismissal without leave to amend is appropriate at the outset." Order Granting Motion to Dismiss, *Golden v. Apple Inc.*, No. 3:22-cv-04152 (N.D. Cal. October 20, 2022), Dkt. 29 (Morey Decl. Ex. 11). Judge Cousins also dismissed, without leave to amend, Golden's similar claims against Intel of alleged infringement of the Asserted Patents. *Golden v. Intel Corp.*, 2022

---

[3] The Federal Circuit vacated and remanded the dismissal in a case against Google, but explicitly noted that "[its] decision does not preclude subsequent motions to dismiss." *Golden v. Apple*, 2022 WL 4103285, at *2.

WL 17735388, at *4. Accordingly, as demonstrated by the prior courts' repeated dismissals of Golden's complaints since he began his litigation campaign in 2013, Golden's defective Complaint against Samsung for alleged infringement of the Asserted Patents cannot be cured by further amendment.

Additionally, as summarized above, Golden's theory of direct infringement in the Complaint itself demonstrates that any amendment would be futile. The Complaint alleges that Samsung's accused Galaxy devices, *only when modified to include the non-Samsung ATAK application*, infringe the Asserted Patents. The Complaint therefore concedes that the accused Galaxy devices themselves do not infringe. Accordingly, Golden's Complaint is not defective due to drafting deficiencies. Instead, Golden's theory of direct infringement has a fundamental flaw that cannot be fixed with future amendment. *See, e.g.*, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Under these circumstances, the Court should dismiss the Complaint with prejudice.

## V.   <u>Conclusion</u>

For the foregoing reasons, Samsung respectfully requests that this Court dismiss Golden's Complaint, with prejudice, and enter judgment in favor of Samsung and against Golden.

Dated: February 21, 2023                     Respectfully submitted,


                                              */s/ Robert T. Haslam*

                                              Robert T. Haslam (Bar No. 71134)
                                              rhaslam@cov.com
                                              Hyun S. Byun (Bar No. 281753)
                                              hbyun@cov.com
                                              Michael R. Morey (Bar No. 313003)
                                              mmorey@cov.com
                                              COVINGTON & BURLING LLP
                                              3000 El Camino Real, 10th Floor
                                              5 Palo Alto Square
                                              Palo Alto, California 94306-2112
                                              Telephone: + 1 (650) 632-4700
                                              Facsimile: + 1 (650) 632-4800

                                              Richard L. Rainey (*pro hac vice* forthcoming)
                                              rrainey@cov.com
                                              COVINGTON & BURLING LLP

One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Brian G. Bieluch (Bar No. 331167)
        (N.D. Cal. Admission Pending)
bbieluch@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Counsel for Samsung Electronics America, Inc.*

NOTICE OF MOTION AND MEMORANDUM OF P&A ISO MOTION TO DISMISS        Civil Case No. 3:23-CV-00048-WHO