Robert T. Haslam (Bar No. 71134)
rhaslam@cov.com
Hyun S. Byun (Bar No. 281753)
hbyun@cov.com
Michael R. Morey (Bar No. 313003)
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Richard L. Rainey (*pro hac vice*)
rrainey@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel for Samsung Electronics America, Inc.*
*(additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>　　　　　Defendant | Civil Case No.: 3:23-cv-00048-WHO<br><br>Judge William H. Orrick<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:** April 26, 2023<br>**Time:** 2:00 p.m.<br>**Ctrm:** Courtroom 2, 17th Floor |

# TABLE OF CONTENTS

Page

I.  Introduction .................................................................................................................. 1

II. Argument ..................................................................................................................... 1

    A.  Golden Is Precluded from Re-litigating His Claims of Infringement of the Asserted Patents Against Samsung .................................................................. 1

        1.  The *Kessler* doctrine precludes Golden from re-litigating the Asserted Patents against Samsung ............................................................. 2

        2.  Issue preclusion also bars Golden's claims ............................................... 3

    B.  Golden Fails to State Claims of Direct and Indirect Infringement ........................ 5

        1.  Golden's direct infringement theory is fundamentally flawed .................. 5

        2.  Golden fails to state a claim of indirect infringement, as he appears to concede ....................................................................................................... 7

    C.  Golden's Complaint Should Be Dismissed with Prejudice to End His Decade-Long Litigation Campaign .................................................................................. 7

    D.  The Court Should Deny Golden's "Cross-Motion for Summary Judgment" ......... 8

III. Conclusion ................................................................................................................... 9

I.      **Introduction**

Golden's response to Samsung's motion to dismiss makes plain that this case must be dismissed and that such dismissal must be with prejudice. It is past time for Golden's litigation campaign against Samsung to end.

Golden does not dispute (nor could he) that he has alleged infringement of Samsung's accused products in no fewer than three courts in two different jurisdictions, and failed. In the Court of Federal Claims, he amended the complaint six times before the court dismissed his case with prejudice. And the United States Court of Appeals for the Federal Circuit affirmed that decision, specifically noting the deficiencies in his infringement theory against the accused products, which included the very same products at issue here. Under settled precedent from the Federal Circuit, this operates as an adjudication of his claims against Samsung's products on the merits and bars his claims in this case under the *Kessler* doctrine.

Golden's opposition paper says nothing at all about the *Kessler* doctrine. On that basis alone, this Court should enter judgment on the merits for Samsung here.

As for issue preclusion, Golden's opposition offers various arguments that simply are wrong legally and have no basis in fact. He claims the Court of Federal Claim's decision was wrong. But that decision was affirmed by the Federal Circuit and is not subject to collateral attack here. He claims that the Court of Federal Claims did not adjudicate on the merits non-infringement of Samsung's products. That too is demonstrably wrong. And he claims that decision is of no moment here because Samsung was not a party. That too is irrelevant under the law.

As for the adequacy of his current Complaint, Golden's arguments offer no help. His Complaint is fundamentally flawed and fails to state a claim for direct or indirect infringement.

For these reasons, the Court should dismiss his case with prejudice.

II.     **Argument**

  A.    **Golden Is Precluded from Re-litigating His Claims of Infringement of the Asserted Patents Against Samsung**

The *Kessler* doctrine bars Golden's claims, as Golden appears to concede. Moreover, issue preclusion also bars Golden's claims.

1. **The *Kessler* doctrine precludes Golden from re-litigating the Asserted Patents against Samsung**

As demonstrated in Samsung's Motion, the *Kessler* doctrine shields Samsung from "repeated harassment for continuing its business as usual post-final judgment in a patent action," thus protecting Samsung from litigants like Golden. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014); Mot. at 11–12. In particular, pursuant to the *Kessler* doctrine, the Court of Federal Claim's ("CFC") with-prejudice dismissal of Golden's prior suit accusing Samsung's Galaxy devices of infringing the Asserted Patents gave Samsung a trade right protecting those Galaxy devices from future suits by Golden alleging infringement of the Asserted Patents. *See, e.g.*, *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1378–79 (Fed. Cir. 2020) (the *Kessler* doctrine grants a "'limited trade right' that attaches to the product itself" and "extends to protect any products as to which the manufacturer established a right not to be sued for infringement") (quoting *SpeedTrack, Inc. v. Off. Depot, Inc.*, 791 F.3d 1317, 1323 (Fed. Cir. 2015)). The *Kessler* trade right also protects the other Galaxy models added to Golden's Complaint, as Golden does not differentiate them at all from the previously accused Galaxy devices in the CFC case that Golden again accuses in his Complaint. *See, e.g.*, *Brain Life*, 746 F.3d at 1057 ("when the devices in the first and second suits are 'essentially the same,' the 'new' product(s) also acquires the status of a noninfringing device") (citation omitted). Accordingly, the *Kessler* doctrine precludes Golden from bringing this suit against Samsung, and the Court should dismiss Golden's Complaint with prejudice on this basis alone.

Golden's Response to Samsung's Motion to Dismiss (Dkt. 20) ("Opposition") does not address—much less contest—the applicability of the *Kessler* doctrine, and therefore concedes it. As this District has repeatedly held, where a "plaintiff does not address, let alone dispute" an argument raised by a defendant in a motion to dismiss, the "lack of response" is construed "as an acknowledgement that [the] argument has merit." *U.S. v. Reunion Mortg., Inc.*, No. 13-2340, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (citing *In re Online DVD Rental Antitrust Litig.*, No. 09-2029, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)); *see also, e.g.*, *Cobarrubia v. Edwards*, No. 19-7899, 2021 WL 4846948, at *3 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned or waived her legal argument "due to the failure to address the issue in her opposition"); *Jones v. Regents of Univ. of California*, No. 21-CV-07844-JSW, 2022 WL 1137089, at *2 (N.D. Cal. Apr. 18, 2022) ("The Court views Plaintiff's failure to oppose Defendants' arguments as

a concession that those claims should be dismissed."); *Henry v. Napa Valley Unified*, No. 16-cv-04021-MEJ, 2016 WL 7157670, at *4 (N.D. Cal. Dec. 8, 2016) ("Typically, failure to address in an opposition arguments raised in an opening motion, as Plaintiff did here, constitutes waiver or concession of the argument."). Golden's status as a *pro se* plaintiff does not soften the impact of his failure to address Samsung's *Kessler* doctrine argument. For example, the Ninth Circuit in *Shakur v. Schriro* found that a *pro se* plaintiff "abandoned . . . claims by not raising them in opposition to" a dispositive motion. 514 F.3d 878, 892 (9th Cir. 2008) (quoting *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).

### 2. Issue preclusion also bars Golden's claims

In addition to the *Kessler* doctrine, issue preclusion is another independent ground on which to dismiss the Complaint. Golden contends that he "is not barred by issue preclusion" because (1) the CFC's dismissal was wrongly decided, (2) "Samsung's alleged infringement was never decided" in the CFC case, (3) the CFC case "was a case against the Government," in which Samsung did not appear, and (4) Samsung purportedly waived its right to challenge Golden's Complaint. Opp. at 1–4, 13. Each of these arguments fails.

#### a) Golden's belief that the CFC's dismissal was wrong does not overcome preclusion

According to Golden, issue preclusion does not bar his Complaint because the CFC was wrong in dismissing his prior suit. Specifically, Golden contends that, "[i]f the [CFC] had considered the sensors/detectors of Rhevision, NASA, Synkera, General Systems, and Qualcomm; the CPUs and wireless modems of Qualcomm; and the mobile device of Qualcomm, there's a strong likelihood the Government would have been found liable for infringing twenty-five of Plaintiff's patented claims." *Id.* at 3. Golden further asserts that the CFC, along with the Department of Justice and Department of Homeland Security, "lied." *Id.* at 20–22.

That Golden maintains his grievances with the CFC's decision has no impact on the finality and preclusive effect of the CFC's judgment dismissing his suit with prejudice. Golden has already appealed the CFC's decision to the Federal Circuit, which affirmed the decision. *See Golden v. U.S.*, No. 2022-1196, 2022 WL 4103287, at *1–2 (Fed. Cir. Sept. 8, 2022).

### b) The issue of alleged infringement by Samsung's products was actually litigated and adjudicated on the merits

Golden's assertion that "Samsung's alleged infringement was never decided" is false. As demonstrated in Samsung's Motion, the CFC dismissed Golden's prior suit with prejudice after finding that Golden's infringement contentions failed to identify anything in the accused Samsung Galaxy devices to meet limitations required by the Asserted Patents. *Golden v. U.S.*, 156 Fed. Cl. 623, 632 (2021); Mot. at 4, 12. In particular, the CFC found that "Plaintiff's preliminary infringement contentions fail to identify a sensor or detector," as well as "any locking mechanism." *Golden*, 156 Fed. Cl. at 630. The Federal Circuit affirmed, holding that the "Claims Court expressly identified deficiencies regarding both the sensor and locking limitations in Mr. Golden's contentions for . . . claim 23 of the '439 patent, and claim 5 of the '287 patent," as well as "the locking limitation for claim 2 of the '189 patent," which is not "materially different" from claim 1 of the '189 patent. *Golden*, 2022 WL 4103287, at *2 n.2. Claim 5 of the '287 patent, claim 23 of the '439 patent, and claim 1 of the '189 patent are the same claims that Golden charted in the present Complaint. *See* Compl. at 19–26. The CFC's dismissal with prejudice followed full briefing on the merits and is therefore a final adjudication following actual litigation of Golden's infringement claim that precludes Golden's deficient Complaint here. *See, e.g.*, *Adaptix, Inc. v. Amazon.com, Inc.*, No. 5:14-cv-01379-PSG, 2016 WL 948960, at *9 (N.D. Cal. Mar. 14, 2016). Consistent with this understanding, the CFC's dismissal was made under Rule 41(b) of the Rules of the Court of Federal Claims. *Golden*, 156 Fed. Cl. at 632. A dismissal under Rule 41(b) of the Rules of the Court of Federal Claims "operates as an adjudication on the merits" "[u]nless the dismissal order states otherwise." Rule 41(b). The CFC's dismissal order did not state otherwise. *See Golden*, 156 Fed. Cl. at 632.

### c) That Samsung was not a party to Golden's prior CFC case is irrelevant

That Samsung was not a party to Golden's prior CFC case is irrelevant to whether the doctrine of issue preclusion bars Golden from re-litigating his claims of infringement of the Asserted Patents. Issue preclusion only requires that "the ***party against whom collateral estoppel is asserted*** was a party or in privity with a party at the first proceeding," and thus is appropriate here because Golden was the plaintiff in the CFC case. *Arunachalam v. Presidio Bank*, No. 12-CV-04962-TSH, 2018 WL 4849680, at *3 (N.D.

4

Cal. Oct. 4, 2018), *aff'd*, 801 F. App'x 750 (Fed. Cir. 2020) (emphasis added) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)); *see also Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1347 (Fed. Cir. 2022) ("In general, collateral estoppel is applied against the losing party in the original action even in situations where the party asserting collateral estoppel was not a party to the original action.").

          **d)**      **Samsung has not waived its ability to move to dismiss Golden's Complaint**

Golden also appears to argue that Samsung should not be allowed to move to dismiss his Complaint because Samsung purportedly "waived its right to challenge the decisions of the Federal Circuit" pertaining to Golden's two prior suits filed in the District of South Carolina alleging infringement of the Asserted Patents. Opp. at 4 (citing *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022)). Contrary to Golden's assertion, the Federal Circuit decision does not hinder Samsung from moving to dismiss Golden's Complaint. Indeed, the Federal Circuit ***affirmed*** the dismissal of Golden's complaint against Samsung and others in the District of South Carolina. *Golden v. Apple*, 2022 WL 4103285, at *2. As for the dismissal of the complaint against Google (not Samsung), the Federal Circuit vacated and remanded with the explanation that "[its] decision ***does not preclude subsequent motions to dismiss*** by the defendant for failure to state a claim or for summary judgment" and "***express[ed] no opinion*** as to the adequacy of the complaint or claim chart." *Id.* (emphasis added).

*   *   *

Accordingly, issue preclusion also bars Golden's claims.

    **B.**    **Golden Fails to State Claims of Direct and Indirect Infringement**

In addition to being precluded, Golden's Complaint should also be dismissed for the independent reason that it fails to state plausible claims of direct and indirect infringement against Samsung. Golden's direct infringement theory is fundamentally flawed because it requires a modification of Samsung's accused products. Golden also fails to state a claim of indirect infringement, as he appears to concede.

          **1.**      **Golden's direct infringement theory is fundamentally flawed**

Golden's direct infringement theory is fundamentally flawed because his Complaint requires a modification of Samsung's products. As the Federal Circuit has repeatedly held, alleging "that a device is

1  capable of being modified to operate in an infringing manner is not sufficient, by itself, to support a finding
2  of infringement." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001)
3  (citation omitted); *see also Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1327 (Fed. Cir.
4  2013) ("A device does not infringe simply because it is possible to alter it in a way that would satisfy all
5  the limitations of a patent claim.") (quoting *High Tech Med. Instrumentation v. New Image Indus., Inc.,* 49
6  F.3d 1551, 1555 (Fed. Cir. 1995)); *Automed Techs., Inc. v. Microfil, LLC*, 244 F. App'x 354, 360 (Fed.
7  Cir. 2007) (affirming summary judgment of non-infringement where infringement required modification
8  of accused product); *Stryker Corp. v. Davol Inc.*, 234 F.3d 1252, 1257 (Fed. Cir. 2000) (same).

Golden's theory that a non-Samsung application—the Android Team Awareness Kit ("ATAK"), created by the U.S. military and allegedly available to civilians—must be added to the accused Galaxy devices does not state a claim that **Samsung** has directly infringed. *See* Mot. at 7–10, 12–13; *Telemac*, 247 F.3d at 1330 ("To find literal infringement, each limitation of the claim must be present in the accused device" without modification). Similarly, Golden's theory that non-Samsung sensors or cameras must be added to the accused Galaxy devices does not state a claim that **Samsung** has directly infringed. *See* Opp. at 9–12; Compl. at 28–31. For example, Golden alleges that Samsung's and Google's accused devices could be modified with "[t]iny sensors." Opp. at 9 and Compl. at 28 (both citing https://www.understandingnano.com/cell-phone-sensors-toxins.html) (Exhibit A to Declaration of Michael R. Morey in Support of Defendant Samsung's Reply in Support of Motion to Dismiss and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Morey Reply Decl.")). Those "[t]iny sensors" refer to a "tiny silicon chip" at issue in a 2010 R&D project at U.C. San Diego that allegedly "works a bit like a nose" and "may one day detect dangerous airborne chemicals." Morey Reply Decl. Ex. A. Golden also alleges that the cameras of Samsung's accused Galaxy devices could be replaced by hyperspectral imaging cameras that were the subject of a 2015 Tel Aviv University R&D project. Opp. at 10 and Compl. at 29 (both citing https://www.sciencealert.com/new-smartphone-cameras-could-tell-you-what-an-object-is-made-of) (Morey Reply Decl. Ex. B). Golden further alleges that Samsung's accused Galaxy devices could be modified to contain "biosensors," but fails to allege that any actual products—much less Samsung's accused products—use such "biosensors" or that they even exist. Golden's direct

infringement theories fail because they require a modification of Samsung's accused products. *See Telemac*, 247 F.3d at 1330.

It is not an accident that all of Golden's theories involve modifying Samsung's products. When rehashing his grievances as to the outcome of the CFC litigation, Golden actually ***admits*** that Samsung's products do ***not*** meet the claim limitations without modification. According to Golden, he lost his prior CFC case because the CFC limited the relevant third-parties to "only include Apple and Samsung" to the exclusion of Qualcomm and others. Opp. at 2. According to Golden, he failed to make a plausible infringement claim against Samsung's products because the CFC never considered ***Qualcomm's*** sensors/detectors when "***Qualcomm was the only contractor*** tasked with providing four components of the thing to invent—sensor/detector, CPU, wireless modem, and mobile device." *Id.* at 2–3 (emphasis added). According to Golden, "***Qualcomm was the only company*** positioned to single-handedly manufacture the product" such that "it is made to include each limitation of the thing invented." *Id.* at 3 (emphasis added). Golden's admission shows not only that his current direct infringement theory is flawed, but that he is unable to fix it because (according to Golden's allegations) Qualcomm was the only company (to the exclusion of Samsung) that made a product including each limitation of the alleged invention.

### 2. Golden fails to state a claim of indirect infringement, as he appears to concede

Golden's Opposition is silent as to Samsung's argument that Golden fails to state a claim of indirect infringement. *See* Mot. at 13–14. Golden thus concedes this argument. *See, e.g.*, *Jones*, 2022 WL 1137089, at *2; *Reunion Mortg.*, 2013 WL 5944252, at *6; *Cobarrubia*, 2021 WL 4846948, at *3; *Henry*, 2016 WL 7157670, at *4.

Lacking plausible claims of direct and indirect infringement, Golden's Complaint should be dismissed.

### C. Golden's Complaint Should Be Dismissed with Prejudice to End His Decade-Long Litigation Campaign

Instead of seeking leave to amend in view of Samsung's Motion, Golden stands upon his Complaint, further declaring that he is entitled to summary judgment (as discussed *infra*). However,

Samsung's Motion specifically requested that this Court dismiss Golden's Complaint without leave to amend and with prejudice because Golden's decade-long, unsuccessful litigation campaign involving the Asserted Patents and his Complaint's fundamentally flawed infringement theory demonstrate that amendment would be futile. Mot. at 14–16. Golden's Opposition further demonstrates why dismissal without leave to amend and with prejudice is warranted, as it establishes his intent to pursue his flawed infringement theory without any amendment. Opp. at 26–29. As Judge Chhabria observed in dismissing Golden's similar complaint against Apple, "[t]his is the rare case where dismissal without leave to amend is appropriate at the outset." *Golden v. Apple Inc.*, No. 3:22-cv-04152 (N.D. Cal. Oct. 20, 2022), Dkt. 29.

### D.     The Court Should Deny Golden's "Cross-Motion for Summary Judgment"

"Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Robinson v. Doetwch*, No. 18-03729 EJD (PR), 2019 WL 6311417, at *1 (N.D. Cal. Nov. 25, 2019) (quoting Fed. R. Civ. P. 56(a)). The Court should deny Golden's Cross-Motion for Summary Judgment ("Cross-MSJ") because Golden has failed to produce any evidence supporting his request for summary judgment of infringement, validity, and patent ownership, which he brings before Samsung has even answered the Complaint, before any discovery has taken place, and before the Court has construed any claims of the Asserted Patents. Even if Golden had provided something more than conclusory, general statements (he has not), Samsung's Motion and Reply show that there are genuine disputes of material fact, which defeat Golden's Cross-MSJ. Further, Golden's Cross-MSJ violates the Court's Local Rules.

Golden has failed to produce any evidence in support of his Cross-MSJ nor established that he is entitled to judgments of infringement, validity, and patent ownership as a matter of law. Despite this, Golden declares that, based solely on his Complaint and claim chart attached to his Opposition, he "has shown that there is no genuine dispute as to any material fact; no reason to challenge Plaintiff's alleged infringement claims; no genuine dispute that Plaintiff owns the patent rights for the smartphone; and, no genuine dispute to the validity of Plaintiff's patents." Opp. at 29. Such "conclusory, general statements with no supporting citations to the evidence," however, "do not meet the initial burden on summary judgment." *Allen v. City of Santa Monica*, No. CV 11-10139-R SH, 2013 WL 6731789, at *14 (C.D. Cal. Dec. 18, 2013). Rather, "[p]roper evidence in support of a Rule 56(c) motion includes depositions,

documents, admissions, electronically stored information, affidavits or declarations, stipulations, interrogatories, or other materials, as well as affidavits or declarations based on personal knowledge and setting forth such facts as may be admissible in evidence." *Robinson*, 2019 WL 6311417, at *2. Golden proffers no such evidence. Because proper evidence is required for summary judgment, courts routinely deny motions for summary judgment prior to discovery, as this Court should do with Golden's Cross-MSJ. *See, e.g.*, *Turner v. Cnty. of San Diego*, No. 14-cv-2003-JAH (JLB), 2016 WL 6804998, at *6 (S.D. Cal. Oct. 3, 2016) (compiling cases); *Waters v. Experian Info. Sols., Inc.*, Case No. 12-cv-0308 AJB (RBB), 2012 WL 1965333, at *4 n.2 (S.D. Cal. May 31, 2012) (stating that court "typically finds pre-answer summary judgments premature and unhelpful").

Further, even if Golden's Cross-MSJ set forth something more than conclusory, general statements (it does not), Samsung's Motion and Reply show that there *is* a genuine dispute, which defeats Golden's Cross-MSJ. As explained above and in Samsung's Motion, Golden is precluded from re-litigating his claims of infringement of the Asserted Patents against Samsung under both the *Kessler* doctrine and issue preclusion. In addition to being precluded, Golden's Complaint also fails to state claims of direct and indirect infringement against Samsung.

Moreover, Golden's Cross-MSJ should be denied because it violates this District's Local Rules, which require, *inter alia*, that "[m]otions for summary judgment or summary adjudication and opposition to such motions must be noticed as provided in Civil L.R. 7-2 and 7-3" and comply with Civil L.R. 7-4. *See* Civil L.R. 56-1. Golden has not followed these requirements. Indeed, Golden's Cross-MSJ does not even contain a "succinct statement of the relevant facts." Civil L.R. 7-4.

Accordingly, the Court should deny Golden's Cross-MSJ.

## III.    Conclusion

For the foregoing reasons, Samsung respectfully requests that this Court grant Samsung's motion to dismiss, dismiss Golden's Complaint without leave to amend and with prejudice, enter judgment in favor of Samsung and against Golden, and deny Golden's "Cross-Motion for Summary Judgment."

Dated: March 14, 2023                                Respectfully submitted,

/s/ Robert T. Haslam

Robert T. Haslam (Bar No. 71134)

rhaslam@cov.com
Hyun S. Byun (Bar No. 281753)
hbyun@cov.com
Michael R. Morey (Bar No. 313003)
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

Richard L. Rainey (*pro hac vice*)
rrainey@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Brian G. Bieluch (Bar No. 331167)
bbieluch@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Counsel for Samsung Electronics America, Inc.*

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Covington & Burling LLP, whose address is 3000 El Camino Real, 5 Palo Alto Sq., 10th Floor, Palo Alto, CA 94306. I am over the age of eighteen years and not a party to this action. On March 14, 2023 I caused this REPLY IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT and supporting DECLARATION OF MICHAEL R. MOREY to be served on Plaintiff Larry Golden in this action by sending a true and correct copy thereof via U.S. Mail and via electronic mail addressed as follows:

> Larry Golden
> 740 Woodruff Road, #1102
> Greenville, SC 29607
> (864) 288-5605
> Email: atpg-tech@charter.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that this declaration is executed on March 14, 2023, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

COVINGTON & BURLING LLP

Julie Romanow
Patent/ITC Case Manager
Covington & Burling LLP