1  Robert T. Haslam (Bar No. 71134)
   rhaslam@cov.com
2  Hyun S. Byun (Bar No. 281753)
   hbyun@cov.com
3  Michael R. Morey (Bar No. 313003)
   mmorey@cov.com
4  COVINGTON & BURLING LLP
   3000 El Camino Real, 10th Floor
5  5 Palo Alto Square
   Palo Alto, California 94306-2112
6  Telephone: (650) 632-4700
   Facsimile: (650) 632-4800
7
8
   Richard L. Rainey (*pro hac vice*)
9  rrainey@cov.com
   COVINGTON & BURLING LLP
10 One CityCenter
   850 Tenth Street, NW
11 Washington, DC 20001-4956
   Telephone: (202) 662-6000
12 Facsimile: (202) 662-6291
13
   *Counsel for Samsung Electronics America, Inc.*
14 *(additional counsel listed on signature page)*
15
                  UNITED STATES DISTRICT COURT
16               NORTHERN DISTRICT OF CALIFORNIA
17

18 LARRY GOLDEN                          Civil Case No.: 3:23-cv-00048-WHO

19          Plaintiff,                   Judge William H. Orrick

20     v.

21 SAMSUNG ELECTRONICS AMERICA, INC.     **DEFENDANT'S MOTION TO CHANGE**
                                         **TIME OF INITIAL CASE MANAGEMENT**
22          Defendant                    **CONFERENCE PURSUANT TO CIVIL**
                                         **LOCAL RULE 6-3**
23

24

25

26

27

28

---

## I.    **Introduction**

Pursuant to Civil Local Rule 6-3, Defendant Samsung Electronics America, Inc. ("Samsung") respectfully requests that the Court reschedule the initial case management conference ("CMC") currently set for April 26, 2023 to instead occur at least 45 days after the Court rules on Samsung's pending Motion to Dismiss (Dkt. 7) and Plaintiff Larry Golden's ("Golden") pending Cross-Motion for Summary Judgment (Dkt. 20). This suit is Golden's latest in a decade-long, unsuccessful litigation campaign asserting the same and related patents against multiple defendants, including Samsung, in no less than *eleven* suits in multiple forums. Not a single suit of Golden's has proceeded beyond the pleading stage. In view of Golden's history of vexatious litigation—now repeating itself before the Court—allowing the parties to conduct the initial CMC at least 45 days after the Court rules on the pending dispositive motions will be more efficient and cost effective for the parties and the Court. Recognizing this, the courts presiding over Golden's similar suits in this District against Qualcomm, Intel, Apple, and Google either postponed their initial CMCs until after ruling on the defendants' motions to dismiss or vacated them altogether. Moreover, this case may be transferred to a different judge pursuant to Patent Local Rule 2-1(a)(3) pertaining to other actions involving same patent.

## II.    **Background**

### A.    **Procedural History of This Case**

Golden filed his Complaint in this action on January 5, 2023. Dkt. 1. The same day, the Court issued an Initial Case Management Scheduling Order with ADR Deadlines, setting the initial CMC for April 22, 2023. Dkt 2. Samsung filed its Motion to Dismiss Golden's Complaint on February 21, 2023, asserting that both the *Kessler* doctrine and the issue preclusion doctrine preclude Golden from bringing this suit and that Golden's Complaint fails to state claims of direct and indirect patent infringement. Dkt. 7. On February 23, 2023, the Court set the hearing on Samsung's motion for April 26, 2023. Dkt. 16. The Court also rescheduled the initial CMC for April 26, 2023. *Id.*

On February 24, 2023, Samsung filed a Notice of Pendency of Other Actions Involving Same Patents Under Patent Local Rule 2-1(a). Dkt. 17. Golden then filed a Response to Samsung's Motion to Dismiss, as well as a Cross-Motion for Summary Judgment, on February 28, 2023. Dkt. 20. Samsung filed a Reply in Support of its Motion to Dismiss and Opposition to Golden's Cross-Motion for Summary

1  Judgment on March 14, 2023. Dkt. 21. Golden filed a Reply in support of his Cross-Motion for Summary

2  Judgment on March 16, 2023. Dkt. 22.

3     **B.     Golden's Multiple Prior Failed Litigations**

4     Samsung's Motion to Dismiss describes Golden's multiple prior failed litigations in the Court of

5  Federal Claims, in the District of South Carolina, and now in this District. Dkt. 7 at pp. 3–7. Since

6  Samsung filed its Motion to Dismiss, Judge Gilliam dismissed Golden's complaint against Qualcomm

7  without leave to amend, as shown in Samsung's concurrently filed Statement of Recent Decision.

8  **III.     Legal Standard**

9     Under Civil Local Rule 6-3, a motion to change time to extend a deadline set by a court order must

10 be accompanied by a declaration that: (1) Sets forth with particularity the reasons for the requested

11 enlargement; (2) Describes the efforts the party has made to obtain a stipulation to the time change; (3)

12 Identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4)

13 Discloses all previous time modifications in the case, whether by stipulation or Court order; and (5)

14 Describes the effect the requested time modification would have on the schedule for the case.[1] Civil L.R.

15 6-3(a)(1)–(6). The Court requires that "[a]ny request to reschedule the [date of the CMC] should be made

16 in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause

17 must be shown." Judge Orrick's Supp. Standing Order for Civil Case Management Conferences at ¶ 1(d).

18 **IV.     Argument**

19     In view of Golden's deficient and precluded Complaint and history of his failed litigation

20 campaign, postponing the initial CMC set for April 26, 2022 until at least 45 days after a ruling on the

21 parties' pending dispositive motions will allow the parties and the Court to avoid unnecessary costs and

22 expenses associated with the requirements leading up to and following the initial CMC. Faced with similar

23 motions to dismiss, the courts presiding over Golden's other suits in this District have all vacated or moved

24 their initial CMCs. Moreover, postponing the initial CMC in this way could also avoid unnecessary costs

25

26

27

_____

[1] The present Motion to Change Time is accompanied by the Declaration of Michael R. Morey ("Morey

28 Decl.").

MOTION TO CHANGE TIME                                          Civil Case No. 3:23-CV-00048-WHO

1    and expenses should the case be reassigned to a different judge in response to Samsung's Notice of

2    Pendency of Other Actions Involving Same Patents Under Patent Local Rule 2-1(a). *See* Dkt. 17.

3        Samsung's Motion to Dismiss, which requests the Court to dismiss the Complaint without leave

4    to amend and with prejudice, is pending before the Court. Dkt. 7. Given the dispositive nature of

5    Samsung's Motion to Dismiss, the resolution of the motion may moot the Court's and the parties' efforts

6    in conducting the initial CMC, the parties' submission of case management statements, and the parties'

7    performance under Patent Local Rules 3-1–3-4, 3-8, 3-9, and 4-1–4-6. Morey Decl. at ¶ 6. Therefore,

8    Samsung respectfully requests the Court to reset the initial CMC from April 26, 2022 to until at least 45

9    days after the Court's ruling on the Motion to Dismiss, thus moving the dates for the parties' performance

10   under the Patent Local Rules, as well as the dates for the parties to file case management statements

11   pursuant to the Order Setting Initial Case Management Conference (Dkt. 2).

12       All other courts in this District that considered similar motions to dismiss Golden's complaints

13   vacated or postponed the initial CMCs. Judge Gilliam vacated the initial CMC in Golden's case against

14   Qualcomm, and proceeded to dismiss the complaint. Morey Decl. at ¶ 8. Judge Gilliam also vacated the

15   initial case management conference in Golden's case against Google, and indicated that he will rule on

16   Google's motion without a hearing. *Id.* at ¶ 11. Judge Cousins postponed the initial CMC in Golden's case

17   against Intel, and proceeded to dismiss the complaint. *Id.* at ¶ 9. Judge Chhabria dismissed Golden's

18   complaint before the initial CMC took place. *Id.* at ¶ 10.

19       Moreover, Samsung's February 24, 2023 Notice of Pendency of Other Actions Involving Same

20   Patents Under Patent Local Rule 2-1(a) (Dkt. 17) could result in this case being reassigned to a different

21   judge, which further supports postponing the initial CMC. Under the Patent Local Rules, "[w]hen actions

22   concerning the same patent are filed within two years of each other by the same plaintiff, they will be

23   deemed related," and "[p]ursuant to the Assignment Plan, the Clerk will reassign the related higher-

24   numbered cases to the Judge assigned to the lowest-numbered case and will file the appropriate

25   notification on the docket of each reassigned case." Patent L.R. 2-1(a)(1)–(3). Golden's suit against

26   Qualcomm, which Judge Gilliam is presiding over, is the lowest numbered case in this District concerning

27   the asserted patents. *See Golden v. Qualcomm Inc.*, No. 4:22-cv-03283. Accordingly, there is a possibility

28

that this case may be reassigned to Judge Gilliam, mooting the Court's and the parties' efforts in conducting the initial CMC.

**V.     <u>Conclusion</u>**

For the foregoing reasons, Samsung respectfully requests that this Court grant Samsung's Motion to Change Time of Initial Case Management Conference Pursuant to Civil Local Rule 6-3, and postpone the initial CMC until at least 45 days after the Court rules on the parties' pending dispositive motions.

Dated: March 29, 2023                    Respectfully submitted,

*/s/ Robert T. Haslam*

Robert T. Haslam (Bar No. 71134)
rhaslam@cov.com
Hyun S. Byun (Bar No. 281753)
hbyun@cov.com
Michael R. Morey (Bar No. 313003)
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

Richard L. Rainey (*pro hac vice*)
rrainey@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Brian G. Bieluch (Bar No. 331167)
bbieluch@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Counsel for Samsung Electronics America, Inc.*

4

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Covington & Burling LLP, whose address is One CityCenter, 850 Tenth Street, NW Washington, DC 20001-4956. I am over the age of eighteen years and not a party to this action. On March 29, 2023 I caused this DEFENDANT'S MOTION TO CHANGE TIME OF INITIAL CASE MANAGEMENT CONFERENCE PURSUANT TO CIVIL LOCAL RULE 6-3 and supporting DECLARATION OF MICHAEL R. MOREY to be served on Plaintiff Larry Golden in this action by sending a true and correct copy thereof via U.S. Mail and via electronic mail addressed as follows:

Larry Golden
740 Woodruff Road, #1102
Greenville, SC 29607
(864) 288-5605
Email: atpg-tech@charter.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that this declaration is executed on March 29, 2023, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

COVINGTON & BURLING LLP


*/s/ Marissa Golub*

Marissa Golub
Senior Litigation Paralegal
Covington & Burling LLP