# EXHIBIT A

2023 WL 3262948
Only the Westlaw citation is currently available.
NOTE: This disposition is nonprecedential.
United States Court of Appeals, Federal Circuit.

LARRY GOLDEN, Plaintiff-Appellant
v.
INTEL CORPORATION, Defendant-Appellee

2023-1257
|
Filed: 05/05/2023
|
Decided: May 5, 2023

Appeal from the United States District Court for the Northern District of California in No. 5:22-cv-03828-NC, Magistrate Judge Nathanael M. Cousins.

**Attorneys and Law Firms**

LARRY GOLDEN, Greenville, SC, pro se.

WILLIAM FAULKNER, McManis Faulkner, San Jose, CA, for defendant-appellee. Also represented by MATTHEW SCHECHTER.

Before MOORE, Chief Judge, DYK and REYNA, Circuit Judges.

**Opinion**

PER CURIAM.

**\*1** Larry Golden appeals an order of the United States District Court for the Northern District of California dismissing his patent infringement and antitrust complaint for failure to state a claim for patent infringement and for lack of standing. We *affirm*.

BACKGROUND

Mr. Golden owns a family of patents concerning a system for locking, unlocking, or disabling a lock on vehicles or other apparatuses upon the detection of chemical, radiological, and biological hazards.[1] Mr. Golden has previously unsuccessfully asserted patent claims regarding these patents against other defendants. *See, e.g., Golden v. Apple Inc.*, Nos. 22-1229, 22-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022); *Golden v. United States*, No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022).

Mr. Golden brought the present action against Intel Corporation on June 28, 2022, alleging patent infringement and related antitrust violations. Intel moved to dismiss Mr. Golden's infringement claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and his antitrust claims for lack of Article III and antitrust standing under Rules 12(b)(1) and 12(b)(6), respectively.[2] The district court granted the motion, dismissing Mr. Golden's complaint with prejudice. Mr. Golden appeals.

DISCUSSION

I

The district court held that Mr. Golden lacked both Article III standing and antitrust standing under Section 2 of the Sherman Act to bring his antitrust claims. To have Article III standing, a plaintiff must establish (1) an actual, concrete injury, that is (2) fairly traceable to the defendant's conduct and (3) likely to be redressed by a favorable decision. *Lujan Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To enforce Section 2 of the Sherman Act, a plaintiff must have antitrust standing, for which the Supreme Court has identified several factors: "(1) the nature of the plaintiff's alleged injury; that is, whether it was the type [of injury] the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999) (citations omitted) (summarizing factors identified in *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 (1983)). Moreover, "[p]arties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury." *Am. Ad Mgmt.*, 190 F.3d at 1057.

**\*2** Mr. Golden alleges in conclusory fashion that by infringing his patents, Intel has monopolized the U.S. market in laptops, desktop PCs, and CPUs and has engaged in other unlawful action that has prevented him from entering that market. For example, Mr. Golden argues that "Intel's actions of using, making, offering for sale, and selling [his] patented inventions, together with other exclusionary

conduct including unlawful bundling and loyalty discounts, impeded the adoption of [his] new, improved upon, and useful CMDC [communicating, monitoring, detecting, and controlling] devices (i.e., laptops, desktop PCs), and central processing units (CPUs)." S.A. 27. Mr. Golden suggests that "Intel's exclusionary anticompetitive practices made it possible for Intel to maintain its monopoly." S.A. 30.

We agree with the district court that Mr. Golden's vague, conclusory allegations as to antitrust violations (without specifically identifying the supposed illegal conduct) and allegations of injury (again without specifying the specific injury) are not adequate to allege either Article III standing or antitrust injury. Accordingly, the district court did not err in dismissing Mr. Golden's antitrust claims for lack of standing.

II

The district court dismissed Mr. Golden's patent infringement claims for failing to state a claim. [3] Rule 12(b)(6) "require[s] well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.' " *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though a plaintiff "need not 'prove its case at the pleading stage' [and] ... is not required to plead infringement on an element-by-element basis ... a plaintiff cannot assert a plausible claim for infringement ... by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

Mr. Golden's complaint is deficient. It does not even make conclusory allegations of infringement, much less allegations to satisfy the *Iqbal* standard. Like Mr. Golden's complaint in one of the earlier consolidated *Apple* cases (No. 22-1229), Mr. Golden's complaint here provides "nothing more than a list of patent claims and accused products manufactured by [the] defendant for each asserted patent." *Apple*, 2022 WL 4103285, at *2. Indeed, his claim charts omit key language from the identified claims that would be essential for proving infringement, suggesting, for example that his patents cover generic PCs and CPUs, with no limitations. *See, e.g.*, S.A. 19 ("Claim 1 of the '619 Patent: A communication device that is at least a personal computer (PC), a cellphone, a smartphone, a laptop, or a handheld scanner, comprising at least a central processing unit (CPU), capable of ... processing instructions ... [.]" (ellipses in original)). His claim charts identify allegedly infringing products, in some cases with nothing more than pictures, *see* S.A. 18, 19, 34, in others, with pictures and generic product descriptions that are not tied to any claim limitations in the asserted claims, *see* S.A. 32–33, 35–37.

The complaint here is unlike the complaint in the second *Apple* case (No. 22-1267), which "include[d] a detailed claim chart mapping features of an accused product ... to independent claims from [the asserted patents]." *Apple*, 2022 WL 4103285, at *2. The conclusory allegations in this case are insufficient to identify what products infringe and how those products infringe Mr. Golden's patents and, accordingly, fail to "place [Intel] on notice of what activity ... is being accused of infringement." *Bot M8 LLC*, 4 F.4th at 1352 (internal quotation marks and citations omitted).

III

*3 Finally, Mr. Golden argues that the district court erred by dismissing his complaint with prejudice. Mr. Golden has not explained in his briefing why it would not be futile for him to amend his complaint. Mr. Golden's complaint appears to suggest he believes he has broad patent claims covering general Central Processing Units (CPUs) and laptop and desktop PCs, *see, e.g.*, S.A. 12 (¶ 10); S.A. 24–25 (¶ 43), but the claims are not for CPUs or PCs, but for ones that can perform specific functions. Mr. Golden has not argued how he could amend his complaint to identify specific Intel products that infringe his patent claims. Accordingly, we do not think the district court abused its discretion in dismissing Mr. Golden's complaint with prejudice.

**AFFIRMED**

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 3262948

## Footnotes

1     The patents at issue in this case are U.S. Patent Nos. 7,385,497 ('497 patent), 8,106,752 ('752 patent), 9,096,189 ('189 patent), 9,589,439 ('439 patent), 10,163,287 ('287 patent), 10,984,619 ('619 patent), and RE43,891 ('891 patent). S.A. 2; S.A. 41.

2     Antitrust standing is not jurisdictional, and, accordingly, the proper basis for dismissing a claim for lack of antitrust standing is Rule 12(b)(6). *See* Gerlinger v. Amazon.com Inc., 526 F.3d 1253, 1256 (9th Cir. 2008) ("Lack of antitrust standing affects a plaintiff's ability to recover, but does not implicate the subject matter jurisdiction of the court."). Intel's motion properly moved for dismissal for lack of antitrust standing under Rule 12(b)(6).

3     The district court also dismissed Mr. Golden's unjust enrichment claims for failing to state a claim, because unjust enrichment is not recognized under California law as a separate cause of action. The district court did not err in this conclusion. *See* McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004).

---

**End of Document**          © 2023 Thomson Reuters. No claim to original U.S. Government Works.