# EXHIBIT A

2023 WL 3400595
Only the Westlaw citation is currently available.
NOTE: This disposition is nonprecedential.
United States Court of Appeals, Federal Circuit.

LARRY GOLDEN, Plaintiff-Appellant
v.
APPLE INC., Defendant-Appellee

2023-1161
|
Filed: 05/12/2023
|
Decided: May 12, 2023

Appeal from the United States District Court for the Northern District of California in No. 3:22-cv-04152-VC, Judge Vince Chhabria.

**Attorneys and Law Firms**

LARRY GOLDEN, Greenville, SC, pro se.

JULIA K. YORK, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC, for defendant-appellee. Also represented by CHRISTOPHER JUSTIN COULSON, New York, NY.

Before MOORE, Chief Judge, DYK and REYNA, Circuit Judges.

**Opinion**

PER CURIAM.

 *1  Larry Golden appeals the Northern District of California's order dismissing his patent infringement, antitrust, and unjust enrichment claims. For the following reasons, we *affirm*.

BACKGROUND

Mr. Golden owns various patents disclosing systems for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards.[1] In 2013, he filed his first complaint pursuant to 28 U.S.C. § 1498(a) in the Court of Federal Claims, alleging the United States government caused cell phone manufacturers, including Apple, to produce infringing devices. *Golden v. United States* ("*Golden I*"), 156 Fed. Cl. 623, 625–26 (2021). After filing six amended complaints over the course of eight years, the Court of Federal Claims dismissed the case with prejudice for failure to state a claim. *Id.* at 632. While Mr. Golden's case against the government was pending, he filed a parallel litigation in the District of South Carolina against the cell phone manufacturers, including Apple. Complaint, *Golden v. Apple Inc.*, No. 6:19-cv-02557-DCC, (D.S.C. Oct. 15, 2019), ECF No. 16. The district court dismissed the case because it was "duplicative" of the co-pending case against the government in the Court of Federal Claims where the manufacturers were accused of "infringing on the same patents in the same manner." *Golden v. Apple Inc.* ("*Golden II*"), No. 6:19-cv-02557-DCC, 2020 WL 415896, at *2 (D.S.C. Jan. 27, 2020). We affirmed. *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) (non-precedential).

Thereafter, Mr. Golden restyled his patent infringement claims as takings, antitrust, and unjust enrichment claims and filed additional cases in the Court of Federal Claims and District of South Carolina. *See, e.g., Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020) (affirming the dismissal of patent-infringement-based takings claims); *Golden v. Apple Inc.*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022) (affirming dismissal of antitrust and unjust enrichment claims); *Golden v. Apple Inc.*, No. 22-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (affirming the dismissal of patent infringement and antitrust claims). Notwithstanding the prior dismissals, Mr. Golden again filed suit against Apple in the Northern District of California for the same patent infringement, antitrust, and unjust enrichment claims. S.A. 8–46. Apple filed a motion to dismiss the complaint as frivolous, for lack of subject matter jurisdiction, and for failure to state a claim. S.A. 267–89. The district court dismissed the claims as frivolous without leave to amend.[2] S.A. 1. Mr. Golden appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

 *2  We apply the law of the regional circuit when reviewing a motion to dismiss. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013). The Ninth Circuit reviews a challenge to a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Id.* Pleadings made by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] complaint, containing as it does both factual allegations and legal

conclusions, is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The district court properly dismissed the complaint as frivolous. Mr. Golden has filed at least six lawsuits asserting the same patent infringement claims against Apple in three jurisdictions. *See, e.g., Golden I*, 156 Fed. Cl. at 625–26; Complaint, *Golden III*, No. 6:19-cv-02557-DCC (D.S.C. Oct. 15, 2019), ECF No. 16; *Golden v. Apple Inc.* ("*Golden IV*"), No. 6:20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021); *Golden v. Apple Inc.* ("*Golden V*"), 6:20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021). Each of these prior cases were also dismissed as frivolous or for failure to state a claim. *Golden IV*, 2021 WL 4260782, at *2–3 (dismissing antitrust claims as frivolous); *Golden V*, 2021 WL 5074739, at *1–2 (dismissing patent infringement claims as frivolous); *Golden III*, 819 F. App'x at 931 (affirming dismissal of patent infringement claims as frivolous). The claims in this case mirror the claims in these prior cases. *Compare* S.A. 8–46 (Complaint) (alleging antitrust violations and patent infringement based on at least Apple's iPhone 11, iPhone 12, and Watch Series 5), *with* Complaint at ¶¶ 28, 45, 62, 79, 105, *Golden V*, No. 6:20-cv-04353-JD (D.S.C. Jan. 5, 2021), ECF No. 10 (alleging patent infringement based on at least Apple's iPhone 11, iPhone 12, and Watch Series 5). These allegations lack an arguable basis in law or fact and are nothing more than another attempt by Mr. Golden to circumvent prior dismissals in other jurisdictions. After ten years of asserting these claims in multiple jurisdictions, Mr. Golden has yet to cure the deficiencies in his allegations.

For these reasons, we affirm the district court's dismissal without leave to amend.

**AFFIRMED**

COSTS

Costs awarded to Apple.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 3400595

---

**Footnotes**

1  The patents at issue in this case are U.S. Patent Nos. 7,385,497; 8,106,752; 9,096,189; 9,589,439; 10,163,287; 10,984,619; RE43,891, and RE43,990. S.A. 32, 36.

2  In the alternative, the court dismissed the patent infringement claims as barred by issue preclusion because they were fully litigating and decided in *Golden v. United States*, 156 Fed. Cl. 623 (Fed. Cl. 2021), *aff'd* No. 13-cv-00307, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) and the antitrust and unjust enrichment allegations as failing to state a plausible claim. S.A. 1. We do not reach the court's analysis on these other grounds.

---

**End of Document**                                           © 2023 Thomson Reuters. No claim to original U.S. Government Works.