Robert T. Haslam (Bar No. 71134)
rhaslam@cov.com
Hyun S. Byun (Bar No. 281753)
hbyun@cov.com
Michael R. Morey (Bar No. 313003)
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Richard L. Rainey (*pro hac vice*)
rrainey@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel for Samsung Electronics America, Inc.*
*(additional counsel listed on signature page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendant | Civil Case No.: 3:23-cv-00048-WHO<br>Judge William H. Orrick<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT**<br><br>**Date:** June 14, 2023<br>**Time:** 2:00 p.m.<br>**Ctrm:** Courtroom 2, 17th Floor |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, the Court's Supplemental Standing Order for Civil Case Management Conferences, and the Court's Order Granting Motion to Reschedule Case Management Conference (Dkt. 25), Defendant Samsung Electronics America, Inc. ("Samsung") submits this Case Management Statement.

On March 29, 2023, the parties met and conferred under Fed. R. Civ. P. 26(f) and ADR Local Rule 3-5. Pursuant to Civil Local Rule 16-9(a), during the meet and confer, counsel for Samsung proposed that the parties submit a joint case management statement. Declaration of Hyun S. Byun in Support of Defendant's Case Management Statement ("Byun Decl.") at ¶ 4. Plaintiff Larry Golden ("Golden") declined the proposal and stated that he would be filing his own case management statement separately from Samsung. *Id*. Golden filed his own case management statement shortly thereafter on April 3, 2023. *Id*.

## I. Jurisdiction and Service

This action arises under 35 U.S.C. § 271. Golden has effected service on the sole defendant in this matter, Samsung. This Court has subject matter and personal jurisdiction.

## II. Facts

### A. Brief Chronology

On January 5, 2023, Golden filed this action, claiming infringement of U.S. Patent Nos. 9,096,189; 9,589,439; and 10,163,287 (collectively, the "patents-in-suit"). Dkt. 1. On February 21, 2023, Samsung filed a motion to dismiss the complaint without leave to amend and with prejudice, which remains pending. Dkt. 7. On February 28, 2023, Golden filed a cross-motion for summary judgment. Dkt. 20.

### B. Principal Factual Issues in Dispute

Samsung is aware of the following principal factual issues in dispute:

1. Whether the asserted claims are valid and enforceable;
2. Whether Samsung has infringed asserted claims of the patents-in-suit;
3. The appropriate damages for any infringement; and

    4. Whether any other forms of relief are due to any party.

## III. Legal Issues

Samsung is aware of the following principal legal issues in dispute:

1. Whether Golden's claims are precluded under the *Kessler* doctrine or issue preclusion;
2. The proper construction of any disputed claim terms;
3. Whether this case is exceptional under 35 U.S.C. § 285;
4. Whether any party is entitled to attorneys' fees and costs under 35 U.S.C. § 285; and
5. Whether any other forms of relief are due to any party.

## IV. Motions

Two motions are pending before the Court: (1) Samsung's motion to dismiss, which asks the Court to dismiss Golden's complaint in its entirety without leave to amend and with prejudice (Dkt. 7); and (2) Golden's cross-motion for summary judgment (Dkt. 20). In particular, on February 21, 2023, Samsung filed its motion to dismiss. Dkt. 7. On February 28, 2023, Golden filed his Response to Defendant's Motion to Dismiss and Cross-Motion for Summary Judgment. Dkt. 20. On March 14, 2023, Samsung filed its Reply in Support of Motion to Dismiss and Opposition to Plaintiff's Cross-Motion for Summary Judgment. Dkt. 21. On March 16, 2023, Golden filed his Reply in Support of Cross-Motion for Summary Judgment. Dkt. 22.

Samsung cannot predict its future motions with certainty, but anticipates that it will seek entry of a protective order governing confidentiality in this action, and will likely move for summary judgment in accordance with any entered case schedule, should this matter proceed beyond the pleadings stage. Samsung may file other dispositive and non-dispositive motions as the case progresses. Should the Court grant Samsung's pending motion to dismiss, Golden's cross-motion for summary judgment will be rendered moot.

## V. Amendment of Pleadings

Samsung has moved to dismiss Golden's complaint without leave to amend and with prejudice. Dkt. 7. Samsung will file and amend future pleadings as appropriate and in accordance with applicable authority, as it continues to investigate Golden's claims against it.

## VI. Evidence Preservation

Samsung has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred on March 29, 2023, and discussed the obligation to preserve evidence. Byun Decl. at ¶ 5. The parties agreed that non-email documents will be the focus of discovery and that e-mail discovery is not necessary. *Id.*

## VII. Disclosures

During the parties' meet and confer on March 29, 2023, the parties agreed to exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1) after the Court rules on Samsung's pending motion to dismiss and Golden's pending cross-motion for summary judgment. Byun Decl. at ¶ 5.

## VIII. Discovery

No party has taken discovery to date. Samsung anticipates that the scope of discovery will address the disputed legal and factual issues set forth above. Samsung proposes to proceed with discovery in accordance with the limitations of the Federal Rules of Civil Procedure and this Court's Local Rules, with the following exceptions:

1. Pursuant to an agreement reached between the parties during their March 29, 2023 meet and confer, discovery will not involve the collection and production of emails from either party. Byun Decl. at ¶ 5.
2. **Interrogatories:** 10 per side.
3. **Requests for Admission:** 10 per side, except regarding authenticity.
4. **Requests for Production:** 10 per side.

## IX. Class Action

This is not a class action.

## X. Related Cases

On February 24, 2023, Samsung filed a Notice of Pendency of Other Actions Under Patent Local Rule 2-1(a), Dkt. 17, notifying the Court of the following actions filed by Golden within two years of the complaint filed in this action involving the patents-in-suit: (1) *Golden v. Qualcomm Inc.*, Case No. 4:22-cv-03283-HSG; (2) *Golden v. Intel Corp.*, Case No. 5:22-cv-03828-NC; (3) *Golden v. Apple Inc.*, Case No. 3:22-cv-04152-VKD; and (4) *Golden v. Google LLC*, Case No. 4:22-cv-05246-HSG.

3

XI. **Relief**

Golden requests that this Court grant the following relief: (1) "A judgment in favor of Golden that the defendant has infringed at least one or more claims of the '287 Patent, the '439 Patent, and the '189 Patent as aforesaid;" (2) "A permanent injunction enjoining the defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '287, '439, and '189 patents as aforesaid pursuant to 35 U.S.C. § 283;" (3) "A judgment and order requiring the defendant to pay Golden its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;" and (4) "Any and all further relief to which the Court may deem Golden entitled." Dkt. 1 at p. 32.

XII. **Settlement and ADR**

A. **Alternative Dispute Resolution**

On May 24, 2023, Samsung filed its ADR Certification by Parties and Counsel, requesting to discuss ADR selection with the Court at the Case Management Conference. Dkt. 33.

B. **Settlement**

During their March 29, 2023 meet and confer, the parties agreed that settlement discussions are more likely to be productive after the Court rules on Samsung's pending motion to dismiss and, if necessary, Golden's pending cross-motion for summary judgment. Byun Decl. at ¶ 5. However, on May 13, 2023, Golden sent an email to the undersigned counsel, as well as counsel for Google, Qualcomm, Apple, and Intel in Golden's similar suits in this District, that (1) attached a letter from Golden to the Congressional Black Caucus containing a number of accusations against the federal government and Samsung, Google, Apple, Qualcomm, and Intel, and (2) made an "offer" to each of Samsung, Google, Apple, Qualcomm, and Intel, to license the patents-in-suit in exchange for $5 billion, with a deadline of May 17, 2023 to accept the offer. *Id*. at ¶ 6. Golden's email also attached a document titled "List of Groups, Organizations, and Individuals for Reparations" and stated that "[a]ny company I have not heard back from by Wednesday, May 17, 2023 with the acceptance of my offer to license my patents for $5 billion dollars, name stays on the list." *Id*. Golden's email, letter to the Congressional Black Caucus, and List of Groups, Organizations, and Individuals for Reparations are attached as Exhibits A, B, and C,

4

respectively, to the accompanying Declaration of Hyun S. Byun. Samsung did not respond to Golden's email. *Id.* at ¶ 7.

### XIII. Other References

This action is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

### XIV. Narrowing of Issues

Samsung submits that this Court's ruling on the pending motions before it, fact discovery, and claim construction will likely narrow the issues in this case.

### XV. Expedited Trial Procedure

An expedited trial under Attachment A to General Order No. 64 is not appropriate for this action, given, among other issues, the issues presented in Samsung's motion to dismiss.

### XVI. Scheduling

Samsung's motion to dismiss Golden's complaint without leave to amend and with prejudice and Golden's cross-motion for summary judgment, are currently pending before the Court. Dkts. 7, 20. Given the dispositive nature of these motions, the parties agreed during their March 29, 2023 meet and confer to exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1) after the Court rules on the motions. Byun Decl. at ¶ 5. Samsung proposes the following schedule that begins with the parties' service of initial disclosures after the Court's ruling on the pending motions:

| Date | Event |
| --- | --- |
| 21 days after the Court rules on Samsung's motion to dismiss and Golden's cross-motion for summary judgment | Parties serve initial disclosures.<br><br>Deadline for the parties to submit a proposed protective order or submit dispute to Court per joint submission. |
| 21 days after the parties serve initial disclosures | Deadline to file Answer and/or otherwise respond to the Complaint |
| 7 days after Answer and/or other response is filed | Discovery commences on all issues. |
| 14 days after Answer and/or other response is filed | Deadline for Plaintiff to serve infringement contentions (Patent L.R. 3-1 and 3-2) |
| 45 days after infringement contentions | Deadline for Samsung to serve invalidity contentions (Patent L.R. 3-3 and 3-4) |
| 14 days after invalidity contentions | Exchange proposed claim terms for construction (Patent L.R. 4-1) |

| 21 days after exchange of proposed claim terms for construction | Exchange preliminary claim constructions and extrinsic evidence (Patent L.R. 4-2) |
|---|---|
| 50 days after service of the invalidity contentions | Damages contentions (Patent L.R. 3-8) |
| 60 days after invalidity contentions | Joint claim construction and prehearing statement (Patent L.R. 4-3)<br><br>Deadline to serve expert report regarding claim construction (Patent L.R. 4-3) |
| 30 days after damages contentions | Responsive damages contentions (Patent L.R. 3-9) |
| 30 days after joint claim construction and prehearing statement | Complete claim construction discovery (Patent L.R. 4-4) |
| 45 days after joint claim construction and prehearing statement | Plaintiff's claim construction brief (Patent L.R. 4-5(a)) |
| 14 days after Plaintiff's claim construction brief | Defendant's response brief (Patent L.R. 4-5(b)) |
| 7 days after Defendant's response brief | Plaintiff's reply brief (Patent L.R. 4-5(c)) |
| 2 weeks after filing of Plaintiff's reply brief, or at the Court's convenience | Claim construction hearing (Patent L.R. 4-6) |
| 30 days after claim construction order | Advice of counsel disclosures (Patent L.R. 3-7) |
| 90 days after claim construction order | Close of fact discovery |
| 21 days after close of fact discovery | Opening expert reports |
| 30 days after opening expert reports | Rebuttal expert reports |
| 21 days after rebuttal expert reports | Close of expert discovery |
| 28 days after close of expert discovery | Dispositive motions and any other motions that may require a hearing (including *Daubert* motions) |
| 35 days after filing of dispositive motions, or at the Court's convenience | Hearing on dispositive motions and any other motions that may require a hearing |
| Twelve weeks after the dispositive motion hearing, or at the Court's convenience | Pre-trial conference |
| **To be determined by the Court** | Jury trial commences. |

XVII. Trial

Golden demanded a jury trial on all issues triable by right. Dkt. 1 at p. 32. Samsung believes that a trial length of no more than five days, including jury selection, will be sufficient.

XVIII. Disclosure of Non-Party Interested Entities

On February 21, 2023, Samsung filed its Corporate Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 (Dkt. 11) and Certification of Conflicts and Interested Entities or Persons Under L.R. 3-15 (Dkt. 10). Under Fed. R. Civ. P. 7.1, Samsung disclosed that it is a wholly-owned subsidiary of Samsung Electronics Co., Ltd, and that no other publicly held corporation owns 10% or more of Samsung's stock. Under Civil L.R. 3-15, Samsung certified that the following listed persons,

associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Samsung Electronics Co., Ltd.; and (2) Samsung Electronics America, Inc., a wholly-owned subsidiary of Samsung Electronics Co., Ltd.

### XIX. Professional Conduct

Samsung's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XX. Other Matters that May Facilitate Just, Speedy, or Inexpensive Disposition

Samsung's motion to dismiss Golden's complaint without leave to amend and with prejudice is currently pending before the Court. Dkt. 7. Should the Court grant Samsung's motion, Golden's cross-motion for summary judgment (Dkt. 20) will be rendered moot.

Samsung respectfully submits that ruling on Samsung's motion to dismiss would facilitate the just, speedy and inexpensive disposition of this matter.

### XXI. Proposed Modifications to Patent Local Rules (Patent L.R. 2-1(b)(1))

Samsung respectfully requests that the Court reset the deadlines for disclosures under Patent Local Rules 3-1 and 3-2 for at least two weeks after the deadline for Samsung to file its Answer provided in Samsung's proposed schedule above and that no deadlines be set until Samsung's motion to dismiss is decided. *See* Section XVI, *supra*.

### XXII. Scope and Timing of Claim Construction Discovery (Patent L.R. 2-1(b)(2))

Samsung proposes to proceed with claim construction discovery under the Patent Local Rules.

### XXIII. Proposed Format of Claim Construction Hearing (Patent L.R. 2-1(b)(3))

Samsung requests a hearing before the Court on any claim terms in dispute.

### XXIV. How Samsung Intends to Educate the Court on Technology (Patent L.R. 2-1(b)(4))

Samsung proposes to provide a technology tutorial in the form preferred by the Court.

### XXV. Non-Binding, Good-Faith Estimate of Damages Range (Patent L.R. 201(b)(5))

As set forth in Samsung's pending motion to dismiss, Golden is precluded from bringing this suit against Samsung as a threshold matter, and, even if Golden was not precluded, Golden's complaint fails

to state a claim upon which relief can be granted. Samsung does not infringe the asserted patents, and the patents are invalid and unenforceable. Thus, a damages award would be inappropriate.

Dated: June 5, 2023

Respectfully submitted,
/s/ *Robert T. Haslam*

Robert T. Haslam (Bar No. 71134)
rhaslam@cov.com
Hyun S. Byun (Bar No. 281753)
hbyun@cov.com
Michael R. Morey (Bar No. 313003)
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

Richard L. Rainey (*pro hac vice*)
rrainey@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Brian G. Bieluch (Bar No. 331167)
bbieluch@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Counsel for Samsung Electronics America, Inc.*

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Covington & Burling LLP, whose address is 3000 El Camino Real, 5 Palo Alto Sq, Palo Alto, California. I am over the age of eighteen years and not a party to this action. On June 5, 2023 I caused this CASE MANAGEMENT STATEMENT and the accompanying DECLARATION OF HYUN S. BYUN IN SUPPORT OF DEFENDANT'S CASE MANAGEMENT STATEMENT to be served on Plaintiff Larry Golden in this action by sending a true and correct copy thereof via U.S. Mail and via electronic mail addressed as follows:

> Larry Golden
> 740 Woodruff Road, #1102
> Greenville, SC 29607
> (864) 288-5605
> Email: atpg-tech@charter.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that this declaration is executed on June 5, 2023, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

COVINGTON & BURLING LLP

_____
Julie Romanow
Patent/ITC Case Manager
Covington & Burling LLP