UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
Phone (864) 288-5605
Email: atpg-tech@charter.net

FILED

JUN -7 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

LARRY GOLDEN,

Plaintiff,

V.

SAMSUNG ELECTRONICS AMERICA, INC.

Defendants.

CIVIL CASE NO: 3:23-cv-00048-WHO

**JURY TRIAL DEMANDED**

**(Direct Patent Infringement), (Induced and Contributory Patent Infringement), (Joint Patent Infringement)**

June 5, 2023

## SUPPLEMENT TO PLAINTIFF'S CASE MANAGEMENT STATEMENT

Plaintiff is asking the Court to accept Plaintiff's Case Management Statement docketed at 27 of this case 3:23-cv-00048-WHO and is attached as **Exhibit A**. Plaintiff is also asking the Court to accept this Supplement to Plaintiff's Case Management Statement that addresses the new material added to the case by the Defendant.

Plaintiff filed an Antitrust case against Samsung and various other defendants in the United States District Court for the District of South Carolina Case No. 6:20-cv-02270-JD Date

Filed 06/16/20 Entry Number 1, where Plaintiff specifically pled certain antitrust violations against Samsung.

The Plaintiff in the Case is Larry Golden, on behalf all others similarly situated. Under Section II(A). Plaintiff named the basis for Federal Court Jurisdiction is a Federal Question and the list of federal statutes, and/or provisions of the United States Constitution that are at issue in the case are: Section 1 Sherman Act 28 U.S.C. 1331 & 1337; Section 4 & 6 Clayton Act 15 U.S.C. 15 & 16; and S.C. State Law 1367(a) & 1332.

Under Section III. "Statement of Claim". Plaintiff list the following: Sherman Act 1: Motive to form a Conspiracy; Conspiracy; Unreasonable Restraint on Trade; Unfair Competition; Combination; and Unjust Enrichment.

Under Section IV. "Relief". Plaintiff states: Damages to Plaintiff and to Plaintiff's "Class". [The "Class" considered in the complaint were the South Carolina residents].

Upon review of the S.C. case, this Court will recognize that at no time, Plaintiff makes a claim of "patent infringement." But, instead of reviewing the sufficiency of the case, and whether Plaintiff had provided the Defendants notice of the allegations of Antitrust violations, the S.C. District Court converted the cause of action to that of patent infringement and dismissed the case as "frivolous". Namely dismissing the case for a cause of action that never existed; lack of subject matter—patent infringement.

Plaintiff is responding to the settlement offer sent via email that Samsung introduced into the record in this Case 3:23-cv-00048-WHO Document 34 Filed 06/05/23.

The reason Plaintiff sent Samsung the offer is, after several years of being knowledgeable of Plaintiff's intellectual property [since 2008], and multiple years and opportunities to challenge the validity of Plaintiff's intellectual property [since 2013], Samsung has failed to prove Plaintiff

2

was not in possession of the intellectual property subject matter, product grouping strategies, and technological rational for implementing Plaintiff's "Economic Stimulus and Terrorism Prevention Packages, that include a strategy for "reparations"; disclosed to various members of Congress, and employees of the Department of Homeland Security (DHS) beginning as far back as year 2003.

To prove Plaintiff was not in possession of the intellectual property subject matter, that Plaintiff alleges Samsung is liable of violating antitrust laws to bar African Americans from receiving "reparations", Samsung must first prove:

- ✓ Plaintiff did not submit three Economic Stimulus and Terrorism Prevention Packages, that included a strategy for "reparations" to at least that of President Bush, VP Cheney, and S.C. Senators Holland, DeMint, and Graham;
- ✓ Plaintiff did not receive response letters [have copies] from President Bush, VP Cheney, and S.C. Senators Holland, DeMint, and Graham, where they all stated they sent the information packages over to the Department of Homeland Security (DHS);
- ✓ Plaintiff did not travel to Colorado for the DHS/SBIR TOUR to meet and leave the stimulus packages with DHS Lisa Sabolewski in 2006;
- ✓ Plaintiff did not submit to the SafeCon initiative and discuss Plaintiff's intellectual property with DHS Margo Gaines in 2007;
- ✓ Plaintiff did not travel to Washington, DC with his lead engineer [Harold Kimball] to discuss a "read-ahead" of Plaintiff's intellectual property and the possibility of Plaintiff incubating his company at the Department of Homeland Security (DHS) with DHS Ed Turner in 2008;

- ✓ Plaintiff did not submit a proposal to the DHS S&T *Cell-All Ubiquitous Biological and Chemical Sensing* initiative in 2007, and resubmitted Plaintiff's intellectual property directly to the DHS Program Manager Stephen Dennis for the *Cell-All Ubiquitous Biological and Chemical Sensing* initiative in 2008; and,
- ✓ Plaintiff did not travel to Sacramento, CA for a T.R.U.ST Industry Day symposium where Plaintiff discuss and left copies of his intellectual property details with a selected panel. Plaintiff was walked out by the Program Manager Dave Masters in 2009, when he promised Plaintiff, he will release the initiative in the near future that aligns with Plaintiff's intellectual property technology rational.

Samsung released its first products that allegedly infringes Plaintiff's patents in 2010. As stated above, Samsung must prove Plaintiff was not in possession of the intellectual property subject matter, product grouping strategies, and technological rational for implementing Plaintiff's "Economic Stimulus and Terrorism Prevention Packages, that includes a strategy for "reparations"; disclosed to various members of Congress, and employees of the Department of Homeland Security (DHS) beginning as far back as year 2003.

Between the years 2003 thru 2009, where there's no infringing product of Samsung recognized, Plaintiff alleges Samsung is liable of violating antitrust laws to bar African Americans from receiving "reparations".

Samsung acted individually and in concert with its industry group and with each other, either expressly implicitly, or tacitly, to participate in a plan that was designed in part to commit the tortious acts referred to in the United States District Court for the District of South Carolina Case No. 6:20-cv-02270-JD: motive to form a conspiracy; conspiracy; unreasonable restraint on

trade; unfair competition; combination; and unjust enrichment, to include illegal formation of a monopoly and illegally maintaining a monopoly.

Therefore, this case as well as the S.C. District Court case does not call for patent infringement as a prerequisite to the antitrust law violations that took place between the years of 2003 thru 2009 that totally destroyed any possibility for African Americans to receive the reparations due them from the economic stimulus packages.

When Samsung signed on as a third-party contractor for the DHS S&T *Cell-All Ubiquitous Biological and Chemical Sensing* initiative in 2008, that same year Samsung was suppose to sign a licensing agreement with Plaintiff. Samsung will have this Court believe Plaintiff is relying on, and basing his calculations on royalties as a result of patent infringement. Not true.

If it pleases Samsung let's base the damages on the Government taking of Plaintiff's property without paying just compensation where Samsung is responsible for indemnifying the Government [15% of Samsung's $3 trillion dollars in estimated revenues between the years 2010-2026 is $450 billion dollars. 10% to Plaintiff equals $45 billion dollars and 90% to reparations equals $405 billion dollars].

Let's base the damages on willful patent infringement of Plaintiff's smartphone, laptop, and tablet inventions where the damages are triple [15% of Samsung's $3 trillion dollars in estimated revenues between the years 2010-2026 is $450 billion dollars, multiplied by 3 is $1.350 trillion dollars. 10% to Plaintiff equals $135 billion dollars and 90% to reparations equals $1.215 trillion dollars].

Let's base the damages on Section 4 of the Clayton Act, 15 U.S.C.S. § 15, [which] provides that "any person who shall be injured in his business or property by reason of anything

forbidden in the antitrust laws may sue" for treble damages, prejudgment interest, and costs of suit, including attorney fees. [15% of Samsung's $3 trillion dollars in estimated revenues between the years 2010-2026 is $450 billion dollars, multiplied by three is $1.350 trillion dollars. 10% to Plaintiff equals $135 billion dollars and 90% to reparations equals $1.215 trillion dollars].

Let's base the damages on all three: Government "taking"; willful patent infringement; and Section 4 of the Clayton Act. [10% to Plaintiff equals $315 billion dollars and 90% to reparations equals $2.835 trillion dollars].

Plaintiff asked Samsung to settle with Plaintiff for $5 billion dollars. This settlement does not include what Samsung needs to settle with 60 million African-Americans for reparations.

Date: *June 5, 2023*

Sincerely,

*Larry Golden*

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, SC 29607
(H) 8642885605
(M) 8649927104
Email: atpg-tech@charter.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of June, 2023, a true and correct copy of the foregoing "Supplement to Plaintiff's Case Management Statement", was served upon the following Defendant by priority "express" mail:

>Hyun Sik Byun
>COVINGTON & BURLING LLP
>3000 El Camino Real, 10th Floor
>5 Palo Alto Square
>Palo Alto, CA 94306
>Phone: (650) 632-4707
>Email: hbyun@cov.com

*Larry Golden*

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605

# Exhibit A

FILED

APR - 3 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Your Name: Larry Golden
2  Address: 740 Woodruff Rd 1102 G'ville SC 29
3  Phone Number: 864-288-5605
4  Fax Number:
5  E-mail Address: atpg-tech@charter.net
6  Pro Se
7
8                 UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10  Division [check one]: ☑ San Francisco  ☐ Oakland  ☐ San Jose  ☐ Eureka
11
12                                           ) Case Number: 3:23-cv-00048-WHO
13  Larry Golden                             )
                                             ) [Check box for party submitting statement]:
14         Plaintiff,                        )
                                             ) ☑ Plaintiff's      ☐ Defendant's
15    vs.                                    )
    Samsung Electronics America, Inc.        ) CASE MANAGEMENT STATEMENT
16                                           )
17                                           ) DATE: April 4, 2023
                                             )
18                                           ) TIME:
                                             )
19                                           ) JUDGE: Hon. Judge William H. Orrick
                                             )
20                                           )
                                             )
21         Defendant.                        )
                                             )
22
23
24
25
26
27
28  *[See the Instructions for more detailed information about how to complete this template.]*

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 1 OF 8  [JDC TEMPLATE – Rev. 05/17]

## 1. JURISDICTION

*Mark the option that applies to your case.*

This Court has subject matter jurisdiction in this case under:

☑ Federal question jurisdiction because it is about federal laws or rights. *[List the laws or rights involved]* Direct Patent Infringement, Contributory & Joint infringement

☑ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000.

## 2. SERVICE

*Complete the table to show when each defendant was served with the Complaint and whether any defendant will argue that this Court is not the correct one to decide this case.*

| Defendant's Name | Date Served or Expected to Serve | Does Defendant dispute that the Court has personal jurisdiction? | Does Defendant dispute that this is the correct venue? |
|---|---|---|---|
| Samsung | 01/30/2023 | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
|  |  | ☐ Yes  ☐ No | ☐ Yes  ☐ No |

☐ *Check box if there are more defendants, and provide the above information for each defendant on an additional page at the end of this document.*

## 3. FACTS

*Give a short description of the important facts in this case including facts that you and the other side disagree about. Add an additional page if needed.*

Samsung's alleged infringing products "mirrors" the infringing product of Google; CAFC Golden v. Google; Case No. 22-1267 where the CAFC determined the Google case is not frivolous. Kaist IP US LLC, v. Samsung Electronics Co., LTD., et al.; Civil Action No. 2:16-CV-01314-JRG as supplemental authority to the relevant issues; causes of actions and the infringement "use" of Plaintiff's patented CMDC devices (i.e. smartphones) has already been decided by a jury. A claim is frivolous when the claim lacks "any" arguable basis either in law or in fact Neitze v. Williams, 490 U.S. 319, 325 (1989). In reviewing a Rule 12(b)(6) motion; Court must accept the factual allegations (above); of complaint as true; must draw all reasonable inferences in favor of Plaintiff, Hernandez v. Coughlin

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 2 OF 8    *[JDC TEMPLATE – Rev. 05/17]*

### 4. LEGAL ISSUES
*Briefly explain the laws the Plaintiff says the Defendant violated.*

35 U.S. Code § 271(a): "... whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S. Code § 271(c): "Whoever offers to sell or sells within the United States; imports a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not ... suitable for noninfringing use, shall be liable as a contributory infringer. Willful infringement: The act of Samsung was done deliberately and intentionally, and with knowledge of the patent (35 U.S.C. § 284).

### 5. MOTIONS
*Complete the table to list any motions that have been filed or might be filed.*

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| Plaintiff | Summary Judgement | Pending |
| Plaintiff | Injunctive Relief | Pending |

☐ Check box if there are more motions and add a page at the end with additional information.

### 6. AMENDING THE COMPLAINT, ANSWER, COUNTERCLAIM/CROSSCLAIM
*Mark one option to tell the Court whether you plan to change your claims or defenses.*

- The submitting party *[name]* Larry Golden

  ☐ does **not** plan to amend the Complaint.

  ☑ plans to amend the Complaint by *[date]* After Motion Hearing

☐ Check box if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.

\\

\\

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 3 OF 8    *[JDC TEMPLATE – Rev. 05/17]*

## 7. EVIDENCE PRESERVATION

*Parties to a lawsuit must make sure that they are protecting and not destroying evidence that might be used in the case. Check the correct box or boxes.*

- The submitting party *[name]* __Larry Golden__ has

    ☐ reviewed the Guidelines for the Discovery of Electronically Stored Information

    ☐ spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case

    ☐ plans to do the above by *[date]* _____

☐ Check if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.

## 8. INITIAL DISCLOSURES

*Initial Disclosures are lists of information that the parties must send each other at the beginning of a case. Check the box that applies, and provide the agreed date if needed.*

☐ Parties have sent each other Initial Disclosures.

☐ Parties have **not** yet sent each other Initial Disclosures, but agree to exchange them by *[date]* _____

## 9. DISCOVERY

*Give a short description of what you plan to investigate during discovery and if there are any discovery issues.*

Samsung's acual and expected revenues between years 2010- 2026 is well over three trillion dollars. How much is contributed to the sell of Samsung's CMDC devices (cell phones; PCs; laptops; tablets). How many vendors and suppliers Samsung induced to infringe Plaintiff's patents. Request any patents Samsung may have that they believe covers the elements of their CMDC devices. Penpoint exactly when Samsung became knowledgeable of Plaintiff's patents and how.

## 10. CLASS ACTIONS

Not applicable.

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 4 OF 8   *[JDC TEMPLATE – Rev. 05/17]*

## 11. RELATED CASES

*Check the correct box to explain whether you are aware of any cases related to this one. If you check the second box, list the case number and the court, government agency, or other administrative body that will decide that case.*

The party submitting this statement

☐ is *not* aware of any related cases.

☐ is aware of related cases *[list cases]*: _____

## 12. RELIEF SOUGHT

*State what the Plaintiff wants from the Defendant, or wants the Court to do, including any amount of money sought and how that amount was calculated. If a Defendant filed a counter or crossclaim, state the same information for the Defendant. Insert a page if needed.*

Samsung's actual and estimated revenues between the years of 2010-2026 is $3.5 trillion dollars. Plaintiff is asking Defendant to settle for 1/10 of 1% ($3.5 billion). Should Samsung refuse the offer, Plaintiff is asking the Court to grant Plaintiff's motion for injunctive relief; asking the Court to consider trippling the total actual damages; asking the Court to consider an equity interest in Samsung equivalent to the total damages; that Samsung enter into a licensing agreement for the making, using, offering for sell, and selling Plaintiff's patented CMDC devices and CPUs.

## 13. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

*Check at least one box in each section. If you need information to help you decide how to resolve the case, explain what that information is.*

The parties:

☑ have tried to settle the case.

☐ have not tried to settle the case.

The submitting party agrees to the following form of ADR:

☑ Settlement conference with a magistrate judge

☑ Mediation

☑ Other  Summary Judgement

Information needed: _____

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 5 OF 8    *[JDC TEMPLATE – Rev. 05/17]*

### 14. CONSENT TO HAVE A MAGISRATE JUDGE HEAR THE CASE

*Mark one option to let the Court know if you consent to have a magistrate judge hear the case.*

- The submitting party *[name]* __Larry Golden__

  ☐ does consent to a magistrate judge.

  ☑ does **not** consent to a magistrate judge.

☐ *Check box if you need to list more parties, and provide the above information for each party on an additional page at the end of this document.*

### 15. OTHER REFERENCES

*In unusual cases, the judge may refer a case to another decision-maker. If this is one of those cases, cross out "Not Applicable," and write in who should hear this case.*

Not applicable.

### 16. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

*Use this section to explain if issues in this case could be resolved by agreement or by written papers submitted by the parties ("motion"). Check the box that applies, and explain.*

☐ Not applicable.

☑ Issues that can be resolved by agreement: __Settlement__

☐ Issues that can be resolved by motion: _____

### 17. EXPEDITED TRIAL PROCEDURE

*If you have questions about the Court's Expedited Trial Procedure, contact the Legal Help Center.*

Not applicable.

### 18.   SCHEDULING

*The Court usually fixes the case deadlines. If you want to propose a schedule, you can do so below. Be sure you will be in town and able to meet any deadlines proposed.*

☑ Agree to have Court set deadlines.

☐ Proposed deadlines:

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 6 OF 8   *[JDC TEMPLATE – Rev. 05/17]*

## 19. TRIAL
*Check the box that applies and estimate how long the trial will last.*

[✔] This case will be tried by a jury. The trial is expected to last <u>3</u> days.

[ ] This case will be tried by a judge. The trial is expected to last ____ days.

## 20. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

*This Section tells the Court if anyone who is not named as a party in the case will be affected by the outcome. Usually, if you are representing yourself, the answer is "None." If there is an "interested party," cross out "None" and write in the names.*

None.

## 21. OTHER MATTERS
*Use this section to discuss other issues that would assist with the just, speedy, and inexpensive resolution of this case.*

Stop allowing Samsung to redirect this case toward improper procedual matters. For noninfringement to exist Samsung must show that Plaintiff's patents are invalidid, or the alleged infringing products do not infringe. Plaintiff admits he is not a lwayer. Plaintiff believes his previous cases were dismissed for that reason because after 10 years, no Defense, in any of the cases Plaintiff has filed, has proven noninfringement and/or that Plaintiff's patents are invalid.

*NOTE: This document should not be longer than ten pages, including any pages you add at the end. Each party submitting this statement must sign and date below.*

Date: 04/01/2023   Sign Name: *Larry Golden*
Print Name: Larry Golden
*Pro se*

| | |
|---|---|
| 1 | *Use this page if you need additional space for any Section. Be sure to write the Section number.* |
| 2 | Just as the Google case, this case should not to go before the United States Court of |
| 3 | Appeals for the Federal Circuit to receive a ruling that this case is not frivolous, and |
| 4 | should not be dismissed for frivolousness; especially when all of Plaintiff's claims has |
| 5 | an arguable basis in both law and in fact. Samsung chose not to answer Plaintiff's |
| 6 | allegations, but rather submit evidence seeking an emotional decison from the Court. |
| 7 | In particular, the Ninth Circuit and this Court have repeatedly recognized that rule "403" |
| 8 | is concerned with unfairly prejudicial evidence," that is, evidence that "has an undue |
| 9 | tendency to suggest a decision on an improper basis such as emotion or character |
| 10 | rather the 'evidence presented'" United States v. Shields, 2016 U.S. App. LEXIS, at |
| 11 | *4 (9th Cir. Dec. 21, 2016). Samsung is quoted as saying, "Golden's Complaint itself |
| 12 | alleges that infringement requires the addition of the ATAK application to Samsung's |
| 13 | accused Galaxy devices, and concedes that Samsung neither makes or sells ATAK, |
| 14 | nor anyGalaxy devices equipped with ATAK." We know this to be a lie. Plaintiff's has |
| 15 | demonstrated several other methods for satisfying the requirements of the limitations |
| 16 | that calls for CBRN/E sensing or detecting. Plaintiff has described at least 11 other |
| 17 | methods for satisfying the requirements of the limitations that calls for CBRN/E sensing |
| 18 | or detecting (Dkt. 20; filed 02/28/2023). Therefore, it is improper to dismiss under Rule |
| 19 | 12(b)(6). "A complaint may not be dismissed under Rule 12(b)(6) unless it "appears |
| 20 | beyond doubt that the plaintiff can prove no set of facts in support of his claim which |
| 21 | would entitle him to relief." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. |
| 22 | 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Samsung's illegal use of |
| 23 | Plaintiff's patented CMDC devices theory is validated in Golden v. Google; Case No. |
| 24 | 22-1267. Samsung's illegal use of Plaintiff's patented CPU devices theory is validated |
| 25 | in Neitze v. Williams, 490 U.S. 319, 325 (1989). All that is needed to end this case is for |
| 26 | Samsung to present a patent(s) that antedates Plaintiff's patents for his CMDC devices |
| 27 | and CPUs. Until Samsung invalidates Plaintiff's patents, the case should remain open. |

CASE MANAGEMENT STATEMENT; CASE NO.: 3:23-cv-00048-WHO
PAGE NO. 8  OF 8    [JDC TEMPLATE – Rev. 05/17]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of April, 2023, a true and correct copy of the foregoing "Plaintiff's Case Management Statement", was served upon the following Defendant by priority "express" mail:

>Hyun Sik Byun
>COVINGTON & BURLING LLP
>3000 El Camino Real
>5 Palo Alto Square
>Palo Alto, CA 94306-2112
>Telephone: (650) 632-4707
>E-mail: hbyun@cov.com

*Larry Golden*

Larry Golden, Pro Se
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
864-288-5605




Case 3:23-cv-00048-WHO   Document 27   Filed 04/03/23   Page 10 of 11

**U.S. POSTAGE PAID**
PME 2-Day
GREENVILLE, SC
29616
APR 01, 23
AMOUNT
**$28.75**
R2304M111523-01

RDC 07     94102

**PRIORITY MAIL EXPRESS®**
**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS10001000006
EP13F July 2022
OD: 12 1/2 x 9 1/2

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE 864 288-5605
LARRY GOLDEN
740 WOODRUFF RD.
#1102
GREENVILLE, SC 29607

TO: (PLEASE PRINT)   PHONE 415 522-2000
U.S. DISTRICT COURT - NDC - SAN FRANCISCO
CASE No: 3:23-CV-00048-WHO
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA
ZIP + 4® (U.S. ADDRESSES ONLY)
9 4 1 0 2 - _ _ _ _

PO ZIP Code: 29615
Scheduled Delivery Date: 04/03/23
Date Accepted: 04/01/23
Scheduled Delivery Time: 6pm
Time Accepted: 1:13
Weight: 3 lbs
Postage: 28.75

**RECEIVED**
APR 03 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EL 624221855 US

LABEL 11-B, OCTOBER 2016
1-ORIGIN POST OFFICE COPY





