UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendant. | Case No. 23-cv-00048-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S CROSS-MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 7, 20 |

Defendant's Samsung Electronics America, Inc.'s (Samsung) motion to dismiss with prejudice (Dkt. No. 7) is GRANTED. Plaintiff's cross-motion for summary judgment (Dkt. No. 20) is DENIED.[1]

Plaintiff Larry Golden has been pursuing patent infringement claims asserting his "family of patents" for over ten years in multiple jurisdictions. The patents at issue here and in each of these other cases concern "systems for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, or biological hazards." *See, e.g., Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595, at *1 (identifying multiple actions dismissed with prejudice concerning the same patent families filed in the District of South Carolina and Northern District of California); *see also Golden v. United States*, 156 Fed. Cl. 623, 625 (2021), *aff'd*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) (Federal Court of Claims dismissing Golden's patent infringement claims that assert his "family of patents concerning a device for detecting chemical, radiological, and biological hazards" brought against the United States, through the Department of

---

[1] I find these mattes suitable for determination on the papers and the June 14, 2023 hearing and Case Management Conference are VACATED. Civ. L.R. 7-1(b).

Homeland Security, alleging that the government "caused cell phone manufacturers" including Samsung "to produce devices that infringe on one or more of his patents.").[2]

The patent claims in each of his cases, with one exception, have been dismissed with prejudice for failure to state a claim. *See, e.g., Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595 (Fed. Cir. May 12, 2023) (affirming Hon. Vince Chhabria's dismissal with prejudice of Golden's patent infringement claims as frivolous and barred by issue preclusion because "they have been fully litigated and decided"); *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) (affirming Hon. Nathanial Cousins' dismissal with prejudice of Golden's patent infringement claims for failure to state a claim); *see also Golden v. Qualcomm, Inc.*, No. 22-CV-03283-HSG, 2023 WL 2530857, at *3 (N.D. Cal. Mar. 15, 2023) (same).

In the most recent decision from this District, in a case Golden himself admits is related to this one,[3] the Hon. Haywood S. Gilliam reviewed Golden's complaint asserting patent infringement against Qualcomm, Inc. (under the '287, '439 and '189 Patents asserted here) and dismissed the patent infringement claims with prejudice for failure to adequately or plausibly plead patent infringement. *Golden v. Qualcomm, Inc.*, No. 22-CV-03283-HSG, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023). Similarly, Judge Chhabria dismissed Golden's claims of willful patent infringement against Apple, Inc. that attempted to broadly claim that his patents (including the patents asserted here) covered a range of technologies in smartphones including: CPUs, temperature sensors; cameras; connectivity protocols; biometric authentications; and remote access. *See* Dkt. No. 29 in Case No. 22cv-04152-VC ("The motion to dismiss is granted. The claims asserted in the complaint are frivolous. Even if they were not frivolous, Golden's

---

[2] The patents at issue here are United States Patent Nos. 9,096,189 (the "'189 patent"), 9,589,439 (the "'439 patent"), and 10,163,287 (the "'287 patent"). The patents have the same specification, are each titled "Multi Sensor Detection, Stall to Stop and Lock Disabling System," and address "anti-terrorist detection and prevention systems," specifically, "a chemical/biological/radiological detector unit with a disabling locking system for protecting products that can be grouped into several product groupings, from terrorist activity, and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." *See, e.g.*, '189 patent at 1:40-45, 3:16-22.

[3] *See* Civil Cover Sheet, Dkt. 1-1, identifying Case No. 22-cv-03283-HSG.

1  patent infringement claims against Apple are barred by issue preclusion because they have been
2  fully litigated and decided. *See Golden v. United States*, 156 Fed. Cl. 623 (Fed. Cl. 2021), *aff'd*,
3  *Golden v. United States*, No. 13-cv-00307, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022).").  That
4  dismissal was recently affirmed by the Federal Circuit.  Golden v. Apple Inc., No. 2023-1161,
5  2023 WL 3400595 (Fed. Cir. May 12, 2023).  The patent infringement assertions in the Apple
6  case – broad and unspecific claims that Apple's smartphones infringed his patents – are materially
7  similar to the allegations Golden makes against Samsung here.  C*ompare* Complaint in 22-cv-
8  04152-VC ¶ 85 *with* Complaint in 23-cv-00048-WHO ¶¶ 61-63.[4]

9       Samsung moves to dismiss this case, arguing that the patent infringement claims asserted
10 against it are barred by issue preclusion and the *Kessler* doctrine[5] because Golden asserted the
11 exact same patent infringement claims against Samsung's customer (the United States) over
12 Samsung's products and lost.  *See Golden v. United States*, No. 2022-1196, 2022 WL 4103287, at
13 *2 (Fed. Cir. Sept. 8, 2022) (affirming Court of Claims dismissal of suit against the United States
14 based on Samsung and other cellphone manufacturers' infringement of Golden's patents).
15 Samsung also argues that the complaint should be dismissed as frivolous, given the failure to
16 allege how Samsung's products satisfy identified, key limitations in the asserted patents for direct
17 infringement and the failure to allege facts regarding induced or contributory infringement.  *See*
18 *generally* Motion to Dismiss, Dkt. No. 7.

19      Golden opposes dismissal and cross-moves for summary judgment, arguing that because
20 he never got to litigate the infringement claims against Samsung on the merits in his Federal Court
21 of Claims case against the federal government (as the Federal Court of Claims dismissed for

---

[4] Golden objects Samsung's filing of Statements of Recent Decisions, pointing to the Federal Circuit affirmance of Judges Cousins' and Chhabria's dismissals, and the recent opinion of Judge Gilliam in Case No. 22-cv-03283. *See* Dkt. Nos. 30, 32 (arguing noticing the recent decisions is unduly prejudicial to Golden under Federal Rule of Evidence 403).  The objections are overruled.

[5] The *Kessler* doctrine is "separate and distinct" from claim or issue preclusion, and "fills the gap" left by those doctrines "allowing an adjudged non-infringer to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action" by providing protection from suits where the challenged devices "in the first and second suits are 'essentially the same,' the 'new' product(s) also acquires the status of a noninfringing device vis-à-vis the same accusing party or its privies."  *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).

failure to plausibly allege infringement), he should be allowed to litigate his claims here. He also argues that the allegations his Complaint here mirror those made against Google in a case where the Federal Circuit reversed the District Court of South Carolina's summary dismissal for failure to adequately plead infringement. *See* Opposition, Dkt. No. 20, at 5-19 (relying on *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022).

Golden was given a full opportunity to litigate his claims *regarding Samsung's products* in his Federal Court of Claims case. His complaint was dismissed with prejudice, and that dismissal was affirmed by the Federal Circuit. *See generally Golden v. United States*, 2022 WL 4103287.[6] Traditional principles of preclusion apply to that decision and the *Kessler* doctrine bars Golden's attempt to sweep in newer Samsung products under the identical theories of infringement rejected by the Federal Court of Claims and affirmed by the Federal Circuit.[7] This case is barred by issue preclusion.

Even if preclusion did not apply – and it does – this case must be dismissed for failure to plausibly allege infringement. Golden asserts that his "Multi Sensor Detection, Stall to Stop and Lock Disabling System" patents were infringed by: (i) "CPU's Samsung uses with its Smartphones"; (ii) Samsung's use of Global Position System (GPS) and web browsers; (iii) Samsung's use of camera lenses; (iv) Samsung's use of biometric data to unlock phones; and (v) Samsung's use of remote unlocking technology. *See generally* Complaint ¶ 61 & pgs. 19-26; *see also id*. pgs. 27-31. The allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face.

Similarly broad and unspecific assertions of infringement against Apple, Intel, and Qualcomm have been dismissed without leave to amend by judges in this District. *See, e.g., Golden v. Intel Corp.*, No. 22-CV-03828-NC, 2022 WL 17735388, at *2 (N.D. Cal. Nov. 22,

---

[6] That the Federal Circuit reversed dismissal of another case where Samsung's patents were not at issue, and sent it back to the trial court to allow Golden another opportunity to plead his claims, is not relevant to preclusion under traditional principles or under the *Kessler* doctrine in this case.

[7] Golden did not address the *Kessler* doctrine in his opposition and did not attempt to distinguish the infringing functionalities of the newer Samsung products from those at issue in the case dismissed by the Federal Court of Claims and affirmed by the Federal Circuit.

4

2022), *aff'd*, No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) (dismissing with prejudice because "allegations against Intel are conclusory and contain formulaic recitations of the elements of asserted claims. It is nearly impossible to tell which patents he alleges are being infringed and how. As has been the case in past litigation, Golden has 'failed to include factual allegations beyond the identities of the defendants, reference to the alleged infringing devices, and the alleged infringed-upon patents.'" (quoting *Golden v. Intel Corp.*, No. 22-CV-03828-NC, 2022 WL 17735388, at *2 (N.D. Cal. Nov. 22, 2022), *aff'd*, No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023)).  The same result is appropriate here.

Plaintiff's cross-motion for summary judgment is DENIED.  Samsung's motion to dismiss the complaint without leave to amend is GRANTED.  This case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: June 8, 2023

William H. Orrick
United States District Judge