UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GOLDEN,<br><br>                Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendant. | Case No. 23-cv-00048-WHO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 38 |

Plaintiff Larry Golden's motion for reconsideration of my order dismissing this case with prejudice is DENIED. As judgment was entered in this case within the last 28 days, Golden's motion is construed as a motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e).[1] Golden does not offer any evidence, legal authority, or arguments that were not raised at the motion to dismiss stage. Instead, he argues that I got it wrong when I dismissed this case based on preclusion and because he was unable to plausibly allege his patent infringement claims. Seeing no manifest error or manifest injustice to Golden, his motion is denied and he may raise his complaints regarding my ruling to the Federal Circuit on appeal.

**IT IS SO ORDERED.**

Dated: June 15, 2023

William H. Orrick
United States District Judge

---

[1] "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999)).